## SAM COOK v. STATE.

No. A-225. Opinion Filed November 21, 1910.

Rehearing Denied December 22, 1910.

1. INTOXICATING LIQUORS—Sale by Employee—Sufficiency of Evidence. For evidence sufficient to sustain a verdict against the defendant for selling beer when such sale was made by an employee of the defendant at his place of business, and when the defendant was absent therefrom, see opinion.

2. INTOXICATING LIQUORS—Offenses—Evidence—Description of Premises. In a prosecution for a violation of the prohibitory liquor law it is permissible for the state's witnesses to particularly describe and fully identify the place where the offense is alleged to have been committed.

3. SAME—Evidence—Accused not State Agent. It is not necessary in a prosecution for a violation of the prohibitory liquor law for the state to prove that the defendant was not the regularly appointed state agent for the purpose of dispensing liquor at the place where the sale is made, but when such proof is made it does not necessarily injure the defendant and is not ground for reversal.

4. NEW TRIAL—Newly Discovered Evidence—Diligence. Where an information has been pending against a defendant and he has been under bond therefor for several months, and he does not take steps to find out what the accusation against him is

or prepare to make his defense, a new trial will not be granted to him upon the ground of newly discovered evidence which he might have obtained by the exercise of reasonable diligence before the trial.

5.    SAME—Showing of Diligence. A new trial will not be granted upon the ground of newly discovered evidence unless it affirmatively appears from the application and from the affidavits in support thereof that due diligence has been used to discover such evidence prior to the trial of the case, and that such evidence could not have been discovered at a time prior to the trial by the use of proper diligence.

(Syllabus by the Court.)

*Appeal from Grady County Court; N. M. Williams, Judge.*

Defendant was convicted for a violation of the prohibitory liquor law and was fined $300 and sentenced to 30 days' confinement in the county jail, and he appealed. Affirmed.

*Gilbert & Bond,* for appellant.
*Fred S. Caldwell,* for the State.

FURMAN, PRESIDING JUDGE. The first assignment of error challenges the sufficiency of the evidence to support the verdict. The rule in such cases is that if there is evidence in the record from which the jury could legitimately draw the conclusion of guilt, the verdict will not be disturbed upon the ground of the insufficiency of the testimony unless the record shows that the jury was influenced by improper considerations in convicting the defendant. We find nothing of this kind in the record before us.

A. O. Holmes testified that he was in business in the town of Chickasha; that two men named J. R. and Jim Dewey had paid him $500, and Jim Dewey remarked that it looked as if a man who was paid that much money at one time ought to set up a cold bottle. Witness replied that he would do so, but he did not know where to get it; that the two Deweys then accompanied the witness to a place called the "Mint"; that they entered this place and found a man there by the name of Alexander; that one of the Deweys motioned to Alexander and that Alexander came out from behind the bar and unlocked a door, and that the witness and the

two Deweys went up-stairs and entered a room and found a negro porter in there, and one of the parties asked the negro if he had anything cold to drink; the negro replied that he had some beer; the negro went to a case of beer sitting there and got two bottles of cold beer, for which the witness paid $1. This was in the town of Chickasha, Grady county, Oklahoma.

M. B. Louthan testified in behalf of the state that he was sheriff of Grady county, Oklahoma; that he was acquainted with the defendant and knew where the "Mint" was located, and that it was a two story brick building and had a stairway inside said building leading up-stairs; that he was acquainted with Joe Alexander; that in November, 1908, said Alexander was working at the "Mint" for the defendant. He further stated that the defendant employed a negro porter at the "Mint." The state then rested.

The defendant did not testify on his own behalf, but introduced a number of witnesses who testified that they had gone up-stairs to the second story of defendant's place, and that they had purchased up there something that looked like beer called "Adam's Special." They testified that they had never seen any beer up there, and one of them testified that the defendant had a negro porter working in the "Mint" for him. Joe Alexander testified that he worked at the "Mint" for the defendant; he remembered seeing Holmes go up-stairs in the "Mint" on the day of the alleged sale; he testified that a drink called "Adam's Special" was sold by the defendant, but does not know anything about beer being sold there; that the defendant had a negro porter working there; that there were also pool tables up-stairs. We think that this evidence amply sustains the verdict. It is immaterial as to whether the defendant was present when the beer was sold or not. He owned the premises and controlled the business. The negro was simply his servant and a sale by the negro was a sale by the defendant, and the defendant is responsible for any violation of the prohibitory liquor law committed by his negro porter in his place of business, under the circumstances proven by the testimony in this case. The court therefore did not err in refusing to

grant a new trial upon the insufficiency of the testimony to support the evidence.

The second assignment of error complains of the action of the court in permitting the state's witness Louthan to particularly describe the premises where the sale was alleged to have been committed. In this there was no error. The state has the right to fully describe and identify the place where an offense is committed.

Defendant also objected to testimony showing that the Governor had appointed a state agent for the purpose of dispensing liquor in Oklahoma, and that the defendant Sam Cook was not such agent. This evidence was unnecessary, but it did not injure the defendant, and therefore is not ground for reversal.

Defendant filed an amended motion for new trial on account of alleged newly discovered evidence. He attempted to excuse want of diligence on his part in not securing this evidence at the trial upon the ground that he did not know the date of the alleged offense until the day on which the information was served upon him, just as he was going into the trial of said cause, and that he had no knowledge of any sale being made upon the premises occupied by him until the witness Holmes took the stand to testify. The record shows that the information in this case sets forth the specific offense with which the defendant is charged and gives the names of the witnesses to be used at the trial and was filed in the county court of Grady county on the 14th day of December, 1908, on which date defendant was arrested and placed under bond on said charge; that the cause came on for trial on the 12th day of April, 1909, when the defendant appeared in court and announced ready for trial. We thus see that the defendant had nearly four months within which to prepare for trial, and if he had exercised the least diligence he could have found out months before the trial just exactly what the state was going to prove against him. Instead of that, he did nothing but wait until the trial and announced ready for trial, and after he had been convicted he moved the court to grant him a new trial upon the

ground of newly discovered evidence. Under these conditions, and upon the showing made by the defendant, the court did not err in overruling his motion for new trial upon the ground of newly discovered evidence. In the case of *Slater v. State,* 1 Okla. Cr. 275, this court held that a new trial will not be granted upon the ground of newly discovered evidence unless it affirmatively appears from the affidavits in support of the motion for new trial that proper diligence had been used to discover such testimony, and that the same could not have been discovered at a time prior to the trial by the use of reasonable diligence. The application of the defendant affirmatively shows that he did not use the least diligence in preparing for his trial.

We find no error in the record. The judgment of the lower court is therefore affirmed, with directions to the sheriff of Grady county to proceed with the execution of the judgment.

DOYLE and RICHARDSON, JUDGES, concur.