## STATE v. PETER DUERKSEN.

No. A-1302.    Opinion Filed February 8, 1913.

(129 Pac. 881.)

1.  **TRIAL—Instructed Verdict—Acquittal.** When there is proof in the record tending reasonably to sustain the allegations of the information, a trial court has no right to advise the jury to return a verdict of not guilty, and especially is this true when there has been no testimony offered on the part of the accused.

2.  **EMBEZZLEMENT—Conversion of Funds—Intent.** When a person, occupying the relation of agent to principal, comes into possession of funds belonging to the principal and converts the same to his own use without the knowledge or consent of the principal, the law implies the fraudulent intent contemplated by the statute; and section 2612, Comp. Laws 1909, specifically provides that the fact that the accused intended to restore the property ·embezzled is no ground of defense, or of mitigation of punishment, unless restored before complaint or information is filed.

(Syllabus by the Court.)

*Appeal from District Court, Major County;*
*James B. Cullison, Judge.*

Peter F. Duerksen was tried in the district court of Major county on a charge of embezzlement, and was acquitted by the jury on advice of the trial court. The state appeals on the question reserved.

*Smith C. Matson,* Asst. Atty. Gen., and *Abijah Fairchild,* Co. Atty., for plaintiff in error.

*John V. Roberts* and *Garber & Kruse,* for defendant in error.

ARMSTRONG, P. J. This is an appeal by the state on a question reserved, growing out of a judgment of acquittal entered in the district court of Major county by direction of the trial court in a case wherein the state of Oklahoma prosecuted Peter F. Duerksen on a charge of embezzlement. The charging part of the information upon which the prosecution was based is as follows:

"That the said Peter F. Duerksen, in said county and state, on or about the 29th day of August, 1910, was the agent of Hiram S. Aumiller for the purpose of renting and receiving the rents therefor on the following tract of land then and there owned and possessed by the said Hiram Aumiller, to wit: The south ½ of the northwest ¼ of section 3, in township 30, north, range 12 W. I. M., and being agent as aforesaid, by virtue of his said employment as such agent, there came into the care and control of him the said Peter F. Duerksen, for and on account of the said Hiram S. Aumiller, as rents from one Philip Wagner, on or about the said 29th day of August, 1910, the sum of $80.50, and the said Peter F. Duerksen aforesaid so received and took into his control and care the said money for and on account of the said Hiram S. Aumiller, and afterwards, to wit, on or about the 3d day of September, 1910, at and in said county and state, the said Peter F. Duerksen, did willfully, unlawfully, feloniously, and fraudulently embezzle, convert, and appropriate the same to his own use and not in the due and lawful execution of the said trust of his, the said Peter F. Duerksen, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

The statute upon which this prosecution was founded is as follows:

"Embezzlement is the fraudulent appropriation of property by a person to whom it has been entrusted." (Section 2609, Comp. Laws 1909.)

"If any person being a trustee, banker, merchant, broker, attorney, agent, assignee in trust, executor, administrator or collector, or being otherwise entrusted with, or having in his control, property for the use of any other person, or for any public or benevolent purpose, fraudulently appropriates it to any use or purpose not in the due and lawful execution of his trust, or secretes it with a fraudulent intent to appropriate it to such

use or purpose, he is guilty of embezzlement." (Sec. 2612, Comp. Laws 1909.)

"The fact that the accused intended to restore the property embezzled is no ground of defense, or of mitigation of punishment, if it has not been restored before an information has been laid before a magistrate, charging the commission of the offense." (Section 2618, Comp. Laws 1909.)

The material facts upon which the state relied for conviction, as disclosed by the proof introduced at the trial, are substantially as follows: The prosecuting witness, Hiram S. Aumiller, was a resident of the state of Kansas and owned the quarter section of land in Major county, Oklahoma, described in the information. He had given the defendant in error, Duerksen, a power of attorney to rent and collect the rents from such land. The place was rented by him to one Philip Wagner for the year 1910. In the fall of that year the prosecuting witness came down to his place for the purpose of settling with Duerksen and receiving his rents. There was about one hundred dollars due him after commissions were paid. Upon this occasion the prosecuting witness was informed by his agent, the defendant in error, that he had collected the money but had used it and was not able to pay him at that time, but would endeavor to get it. A small amount of money was paid, about ten dollars. In April following, the prosecuting witness went back to Major county for the purpose of collecting his rent. This time the defendant in error, Duerksen, could not pay, said he ought to be ashamed to ask for any more time, but that he was in adverse circumstances and couldn't pay it; said that he wanted to borrow it, and would be glad to pay interest on it, to which the prosecuting witness would not agree, claiming that he did not have the money to loan, and that he needed it. After repeated efforts to collect the money, prosecuting witness swore out a complaint against the defendant in error on a charge of embezzlement, and after his arrest a tender of the full amount claimed was made.

At the close of the state's testimony, which made out a complete case of embezzlement under the statute, the court gave the following instruction to the jury:

"Gentlemen of the jury, at this time the court informs you that the state having submitted its testimony in this case and rested, the defendant herein having filed his motion asking the court to direct the jury or advise the jury to retire to your room and return a verdict of not guilty, and the court having carefully listened to the testimony and heard argument of counsel in their presentation of the law, is of the opinion that there is no evidence in this case warranting you in finding that a crime has been committed, and advise you and direct you that you retire and deliberate upon this case and I advise you to return a verdict of not guilty. When you have retired to your jury room it will be your duty to select one of your number as foreman, and when you have agreed upon a verdict your bailiff will return you into court. A blank verdict will be furnished you."

The state duly excepted to this instruction at the time and reserved the question for review by this court. It appears that the trial court assumed the position that because the accused had never denied that he received the money and converted it to his own use, as alleged in the information, as the agent of the prosecuting witness, and repeatedly promised to pay it and afterwards tendered it to him, the state failed to prove fraud and other elements necessary to constitute embezzlement. In reaching this conclusion the court was in error. When one converts the money of another to his own use without permission from the lawful owner thereof the law infers a fraudulent intent and punishes the act of embezzlement. The fact that a person never concealed the taking or converting of the money received, as the money in this case was, and promises to return it, does not make the act lawful or any the less embezzlement under the statute. The trial court clearly misunderstood the law as applied to the facts in this record and erroneously advised the jury to return a verdict of not guilty. A conviction and punishment should have followed, rather than an acquittal, from the facts before us. If every person in this state who occupies a confidential relationship as agent or otherwise to other persons should be permitted to use and convert the money of his principal that might come into his hands to his own use, and then escape punishment simply because he admitted using the money and promised to pay it back, the embezzlement statute had just as well

be erased from the books and the courts rallied to the support and condonement of such conduct. There will be some misappropriation of trust funds with a rigid enforcement of the law, and when such is the case the sooner and swifter the punishment the better for the public welfare. This court declines to approve a rule which places a premium on crookedness. The indiscreet handling of money by those who, by reason of a confidential relationship, come into possession of funds of another and appropriate the same to their own use is not to be tolerated and the guilty permitted to escape punishment. A man who appropriates to his own use the funds of another received in a trust capacity is no less a thief under the law than one who in the nighttime purloins his money or other personal property and sells the same for his own benefit. Such conduct is to be condemned rather than condoned.

The action of the trial court in the case at bar was error prejudicial to the rights of the state. The contention of the county attorney at the trial, and of the state on appeal, is sustained.

DOYLE and FURMAN, JJ., concur.