## STATE v. ANTON SHAFER.

No. A-3213.  Opinion Filed April 12, 1919.

**INDICTMENT AND INFORMATION — Negativing Exceptions in Statutes.** Exceptions to a penal statute which constitute no material part of the definition or description of the offense, need not be negatived in the information or indictment.

*Appeal from County Court, Woods County;*
*Gus Hadwiger, Judge.*

Appeal by the state from judgment sustaining demurrer to information.   Reversed.

*S. P. Freeling,* Atty. Gen., and *Sandor J. Vigg,* County Attorney, for the State.

MATSON, J.   On the 25th day of June, 1917, Sandor J. Vigg, as the county attorney of Woods county, Oklahoma, filed in the county court an information against this defendant, the charging part of which is as follows: .

"That anterior to the presentment hereof and on the eighteenth day of the month of June, in the year of our lord one thousand nine hundred and seventeen, at and within the county of Woods, state of Oklahoma, Anton Shafer, then and there being, did then and there willfully and unlawfully own, operate and drive in and on the public streets and highways of the city of Alva, the said county of Woods, state of Oklahoma, a motor vehicle, to wit: R. C. H. touring car, without first having registered said motor vehicle for the year 1917, as required by the laws of the state of Oklahoma, and without first having the department of highways of the state of Oklahoma assign to the said motor vehicle a distinctive number for the year 1917, as required by the laws of the state of Oklahoma, and without first having conspicuously displayed on the rear end of the said motor vehicle its dis-

tinctive number for the year 1917, as required by the laws of the state of Oklahoma."

The defendant was arrested and brought before the court, and as a plea to said information filed a demurrer upon the following ground:

"For the reason that the same does not state facts sufficient to charge an offense under the laws of the state of Oklahoma."

On the 22d day of November, 1917, the cause coming on for hearing upon defendant's demurrer to the information, the court sustained the demurrer to the information, and the state elected to stand upon the information as filed, the court making no direction to file another information charging the offense, and from the order of the court sustaining said demurrer the state takes an appeal to this court, and said appeal has been properly perfected in the manner provided by law.

The question to be determined, therefore, is a reserved question of law purely, namely: "Do the allegations of fact contained in the foregoing information constitute a public offense under the laws of this state?" It is to be noted that the defendant did not demur to the information on the ground of duplicity, and any objection which may have been raised to such information upon that ground will not receive consideration in this opinion; the failure to demur on such ground being treated as a waiver of such objection.

The statutes necessary to be considered in connection with the determination of the question involved in this appeal are contained in article 4, chapter 173, Session Laws of Oklahoma 1915; chapter 17, Session Laws 1916; and chapter 195, Session Laws 1917, amendatory of chap-

ter 173, *supra.* The portions of the sections of these statutes necessary to be considered are as follows:

Section 5, article 4, chapter 173, Session Laws 1915, reads in part as follows:

"No person shall operate or drive a motor vehicle on the public highways of this state unless such vehicle shall have the distinctive number assigned to it by the department of highways conspicuously displayed on the rear of such vehicle, securely fastened so as to prevent the same from swinging. No person shall display on such vehicle at the same time any number assigned to it under any other motor vehicle law. Such number plates shall be of a distinctively different color or shade each year, and there shall be at all times a marked contrast between the color of the number plates and that of the numerals or letters thereon. Such number plates shall be of metal at least six inches wide and not less than twelve inches in length, in the upper left hand corner of which there shall be the initials of this state, and to the right of which initials there shall be the distinctive number assigned to the vehicle set forth in numerals four inches long, each stroke of which shall be at least five-eighths of an inch in width; also the year. * * * No number plates shall be used other than those furnished by the department of highways. Any person owning a motor vehicle and failing or refusing to comply with the provisions of this article shall be deemed guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not less than fifty dollars nor more than one hundred dollars."

Section 1, of said article and chapter, provides in part as follows:

"Every owner of a motor vehicle which shall be operated or driven upon the public highways of this state, shall for each motor vehicle owned, except as herein otherwise expressly provided, cause to be filed by mail or otherwise, in the office of the department of highways or with

its agent, a verified application for registration on a blank to be furnished by said department for that purpose * * *; provided, that motor vehicle shall be construed to mean any automobile, motor truck, motor vehicle, or traction engine."

Section 1, chapter 195, Session Laws 1917, provides in part as follows:

"Section 2, article 4, chapter 173, Session Laws of Oklahoma 1915, is hereby amended to read as follows:

"Upon the filing of such application and the payment of the fee provided in this article, the department of highways shall assign to such motor vehicle a distinctive number, and, without expense to the applicant, issue and deliver to the owner a certificate of registration and a number plate, in the form and size provided, and, in the event of loss, mutilation, or destruction of a certificate of registration or number plate, the owner of the registered motor vehicle may obtain from the said department a duplicate thereof, upon filing in said office an affidavit showing the fact and the payment of a fee of 50 cents for each duplicate * * *"

Section 7, article 4, chapter 173, Session Laws of Oklahoma 1915, reads:

"The provisions of the foregoing section relative to registration and display of registration numbers, shall not apply to a motor vehicle owned by a non-resident of this state, other than a foreign corporation doing business in this state; provided, the owner thereof shall have complied with the provisions of the law of the foreign country, state, territory, or federal district of his residence relative to motor vehicles and the operation thereof, and shall conspicuously display his registration number as required thereby; and provided, that the provisions of this article shall be operative as to a motor vehicle owned by a non-resident of this state, only to the extent that under the laws of the foreign country, state, territory, or federal

district of his residence, like exemptions and privileges are granted to motor vehicles, duly registered under the laws, owned by residents of this state."

Section 1, chapter 17, Session Laws 1916, provides in part:

"* * * The provisions hereof with respect to the payment of registration fees shall not apply to motor vehicles owned or controlled by the United States of America, nor by a state, or a city, or a county, or any department thereof, nor to any vehicles using electricity only as a motive power, but motor vehicles propelled by electricity shall be subject to taxation *ad valorem* as other property. * * * Providing, that the highway commissioner shall furnish a tag to any person using or controlling motor vehicles owned or used by the United States, state, county, or city upon the payment of a fee of 50 cents for each tag. Provided, that no motor vehicle registered by the United States Government and carrying a tag furnished by the United States Government or any of its departments shall be registered under the provisions of this act."

As no brief has been filed in behalf of defendant in error, the court is not advised as to the grounds relied upon to sustain the action of the trial court in holding the demurrer to the foregoing information to be well taken. Counsel for the state, in his brief, says: "The lower court was of the opinion that it was necessary for the information to negative the exceptions contained in section 7, article 4, chapter 173, Session Laws 1915, and in section 1, chapter 17, Session Laws 1916", and for the reason that the state failed to negative the said exceptions in said information, the lower court sustained a demurrer thereto. The statement that the demurrer to the information was sustained upon the ground that said exceptions

were not negatived therein, being unchallenged by the defendant in error, will be treated in this court as the ground upon which the lower court based its action in sustaining the demurrer.

It is the opinion of this court that the exceptions contained in the above quoted sections of the statute are not necessary to be alleged in an information charging an offense for operating an automobile or other motor vehicle without having had same registered and obtaining a distinctive number therefor, or for driving same upon the public highways without displaying said distinctive number. It is the opinion of this court that said exceptions do not constitute a material part of the offense defined in the statutes, but are matters purely of defense, and therefore unnecessary to be pleaded. Cases in point are: *DeGraff v. State,* 7 Okla. Cr. 519, 103 Pac. 538; *Schave v State,* 4 Okla. Cr. 285; *Smythe v. State,* 2 Okla. Cr. 286, 101 Pac. 611; *Penn v. State,* 13 Okla. Cr. 367, 164 Pac. 992.

The trial court made no order authorizing or directing a new information to be filed charging the offense. For a discussion of the proposition as to the finality of the trial court's judgment sustaining the demurrer to the information, and the right of the state to further prosecute, in the absence of an express authorization or direction to that effect by the trial court, see opinion in *State v. Vaughn,* 15 Okla. Cr. 187, 175 Pac. 731.

For the reasons stated the judgment of the county court of Woods county sustaining the demurrer to the foregoing information upon the ground stated is reversed.

DOYLE, P. J., and ARMSTRONG, J., concur.