## GEORGE BUNDY v. STATE.

No. A-2832.   Opinion Filed Nov. 1, 1919.

(184 Pac. 795.)

1. **PARTIES TO OFFENSES—"Principals."**  All persons concerned in the commission of a crime, whether it be a felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are "principals."

2. **INTOXICATING LIQUORS—Unlawful Sale—Evidence.**  The record in this case carefully examined, and the evidence found sufficient to sustain the verdict rendered, and that no reversible error was committed in the trial of the case.

*Appeal from County Court, Comanche County;*
*R. J. Ray, Judge.*

George Bundy was convicted of violating the prohibitory liquor laws, and he appeals.   Affirmed.

*Johnson & Stevens*, for plaintiff in error.

*S. P. Freeling*, Atty. Gen., and *R. McMillan*, Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, George Bundy, hereinafter designated defendant, and one J. H. Lewis, were jointly charged with unlawfully selling intoxicating liquors to Will George on April 3, 1916.   Upon his separate trial he was convicted and sentenced to serve a term of 30 days in the county jail and to pay a fine of $100 and the costs, and to stand committed until the said fine and costs were fully paid.   To reverse the judgment rendered, the defendant prosecutes this appeal.   J. H. Lewis entered a plea of guilty.

The uncontradicted evidence in the case is: That the defendant was, at the time the offense is alleged to have

16—16

been committed, and for several years prior thereto, engaged in the cigar and tobacco business in Lawton, Comanche county, Okla., his place of business being known as the "Mogul Cigar Store"; that the said defendant, at the time alleged in the information that said intoxicating liquors were sold, and for several years prior thereto, at various times, employed J. H. Lewis as a clerk in his said business; and that, at the time of the said alleged sale, the said Lewis was so employed, and was seen behind the counter of said cigar store "waiting upon the trade"; that, for six or seven years prior to said alleged sale, the defendant rented from the owner of the building the room in which said business was conducted; that on the 3d day of April, 1916, the said J. H. Lewis, being at the time in charge of said business and behind its counter, sold and delivered to Will George a bottle of whisky, for which the said George paid 75 cents; that the said Lewis got the said whisky which was sold to George from under the showcase in said place of business of the defendant; and that at the time said sale of whisky was made the defendant was not in his place of business.

On the cross-examination of the witness George by the defendant, it was developed that he (George) had at several different times, other than the time charged in the information, purchased whisky in the said business house of the defendant, and thereafter the defendant moved the court to exclude said evidence of said other purchases, which the court refused to do, and the defendant excepted.

As the information avers every element of the offense, and only charges one offense and sufficiently informs the defendant of the offense he was called upon to answer, the court did not err in overruling the demurrer to the information. *Ferguson v. State,* 10 Okla. Cr. 672, 137 Pac.

1195; *Teague v. State,* 13 Okla. Cr. 270, 163 Pac. 954; *Star v. State,* 9 Okla. Cr. 210, 131 Pac. 542.

The defendant earnestly insists that the trial court committed reversible error in not excluding the evidence of other sales of intoxicating liquors in the place of business of the defendant near the time of the sale alleged in the information. It is the opinion of the court that the trial court did not err in refusing to exclude this evidence, for the following reasons: First, Because the evidence was elicited upon cross-examination by counsel for the defendant, and he cannot be heard to complain in this court, even if the admission of said evidence was erroneous, because the error, if any, was invited by him. Second, The evidence was competent in this case for the purpose of showing that part of the business conducted by this defendant, in connection with his alleged cigar store, was the sale of whisky, and it was competent to show that the sale of whisky had been repeatedly made in such place of business near and preceding the time of the particular sale charged in this case, for the purpose of showing that the defendant had knowledge of such sales, and that the intoxicating liquor was kept intermingled with the other goods in defendant's place of business, thereby tending to establish the conclusion that the particular sale made was a part of the business of the defendant conducted at said place and consummated with his knowledge and consent, and especially is the legality of this evidence impressive when it is remembered that the defendant did not make any real defense, did not testify in the case.

In the instant case, Lewis was the servant of the defendant, and, under the facts disclosed by the evidence, a sale by Lewis in the place of business of the defendant was in contemplation of law a sale by the defendant, and

for which he was criminally liable, notwithstanding he was not present when the sale was made.

In *Cook v. State,* 4 Okla. Cr. 519, 111 Pac. 660, it is said:

"It is immaterial as to whether the defendant was present when the beer was sold or not. He owned the premises and controlled the business. The negro was simply his servant, and a sale by the negro was a sale by the defendant, and the defendant is responsible for any violation of the prohibitory liquor law committed by his negro porter."

It is also urged by the defendant that as it was not shown that a conspiracy existed between the defendant and Lewis, and it being shown that the defendant was not in his said place of business when the sale charged in the information was made, the court committed reversible error in refusing to direct a verdict for the defendant. With this contention we cannot agree. It was not necessary to a legal conviction that a conspiracy be shown to exist by and between Lewis and the defendant. The illegal sale by Lewis, in the place of business of the defendant while he was employed as clerk of the defendant, and evidence of other sales in defendant's place of business elicited by the defendant on cross-examination of the state's witness, together with the fact that the defendant did not present any real defense to the prosecution against him, did not testify, and did not call his codefendant, who had pleaded guilty, as a witness, was sufficient evidence upon which the jury could rightfully conclude that the sale by Lewis was done with the knowledge of the defendant, and in the line of his duties as a clerk of the defendant, and to warrant the verdict returned in this case, and the

court did not err in refusing to instruct the jury to acquit the defendant.

"When there is proof in the record tending to reasonably sustain the allegations in the information, a trial court has no right to advise the jury to return a verdict of not guilty, and especially is this true when there has been no testimony offered on the part of the accused." *State v. Duerksen,* 8 Okla. Cr. 601, 129 Pac. 881, 52 L. R. A. (N. S.) 1013.

The court did not err in overruling the motion for a new trial, and the motion in arrest of judgment.

The judgment of the trial court is sustained.

DOYLE, P. J., and MATSON, J., concur.