## J. T. MILLIGAN v. STATE.

No. A-3687.    Opinion Filed July 30, 1921.
(199 Pac. 1118.)

(Syllabus.)

1.    **Trial—Demurrer to Evidence—Directing Verdict—Sufficiency of Evidence.** The trial court should not sustain a demurrer to the evidence, or a motion to direct a verdict, where there is proof tending reasonably to sustain the allegations of the information.

2.    **Trial—Argument of Prosecution not Erroneous.** Held, that the remarks of the county attorney in his closing argument to the jury, and to which objection was made by the defendant, do not constitute error.

Appeal from District Court, Jefferson County; Cham Jones, Judge.

J. T. Milligan was convicted of the crime of larceny of domestic animals, and sentenced to serve a term of five years in the state penitentiary at Granite, and he appeals. Affirmed.

F. E. Kennamer and Geo. S. March, for plaintiff in error.

The Attorney General, for the State.

BESSEY, J.    The defendant, J. T. Milligan, plaintiff in error herein, was, on the 23d day of September, 1919, convicted of the crime of larceny of domestic animals, and by judgment rendered on the same day sentenced to serve a term of five years' imprisonment in the state penitentiary at Granite.

The testimony on the part of the state discloses that on

the night of November 22, 1917, two young, large iron gray mules which had been just recently shod, disappeared from the lot of one Sam Blevins, their owner, in the town of Ringling. That on the following morning Blevins reported their loss to several of his neighbors, and that the deputy sheriff and five or six of these parties began a search for the mules. That about a half mile out of Ringling the searching party came upon the tracks of the mules, easily recognizable because of the peculiar shoes they were wearing, and followed these tracks to within five or six miles of Wichita Falls, where they overtook the mules, roped together and being driven by the defendant, J. T. Milligan, who was riding a small bay pony. The tracks of the pony had also been noted alongside of the mules' tracks from their discovery to the point where they were overtaken.

Five witnesses testified that they followed these mule and pony tracks from just outside the town of Ringling to the point where they found Milligan leading the mules, and that there could be no doubt that the tracks were made by the stolen mules and the pony whose rider was driving them.

The defendant did not take the witness stand, but two witnesses testified that he was at the home of a Mr. Walling on the night in which the mules were stolen, although on cross-examination these witnesses were not sure of the date. Two other witnesses testified they were with Mr. Milligan when he bought the mules from a man whom he met driving them along the road, and that he paid $300 for them.

The petition in error in this case contains but three assignments of error, namely: (1) The court erred in overruling the motion of plaintiff in error for a new trial. (2) The court erred in overruling the demurrer of the plaintiff in error to the evidence introduced by the defendant in error at the trial. (3) The court erred in overruling the objection of the

plaintiff in error to the improper remarks in argument of the county attorney.

The grounds urged in the motion for a new trial are practically the same as are urged in this appeal, and for the reasons hereinafter stated the trial judge properly overruled such motion.

On the question of the propriety of sustaining a demurrer to the state's evidence, or directing a verdict of not guilty, it is well settled that where there is proof tending reasonably to sustain the allegations of the information, a trial court should not sustain such a motion and the question of fact should be submitted to the jury, under proper instructions. State v. Duerksen, 8 Okla. Cr. 601, 129 Pac. 881; also see Shive's Crim. Dig. 302.

The only remark of the county attorney to which an exception was saved by the defendant was in reply to an illustration made by defendant's counsel, and commenting on the fact that the accused did not at the time of his arrest offer to take the arresting parties to the man from whom he claimed to have bought the mules only a short time before, and so prove his claims. Counsel for defendant excepted to the county attorney's remark as commenting on the fact that the defendant did not take the witness stand, apparently misunderstanding the reference, and the county attorney explained that he was referring to the time of defendant's arrest. The court refused to instruct the jury not to consider this remark, but did instruct them that they were not to consider the failure of the defendant to take the stand in arriving at their verdict. As we read the record, there was no error on this point.

Finding no error in the record, the judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.