JACK RAMBO v. STATE.

No. A-5132. Opinion Filed Nov. 5, 1925.
(240 Pac. 751.)

W. R. Withington, for plaintiff in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J. From a conviction in the county court of Oklahoma county on a charge of having possession of intoxicating liquor with intent to sell, the plaintiff in error, hereinafter called defendant, has appealed.

Two assignments of error are argued by defendant: First, that the court admitted incompetent evidence in behalf of the state; second, that the evidence is insufficient to sustain the verdict. The evidence in the record discloses that on the night of June 21, 1923, certain officers found defendant with one Joe Toth west of South Capitol Hill near the Campbell Creek schoolhouse, and near them two camp beds and a six-shooter. There was no house near, and close by was a road in the woods where cars circled and turned. About 100 steps from them in the brush was found 500 pints of beer in a barrel, iced and ready for consumption, which was seized by the officers and analyzed, and found to contain 3¾ per cent. alcohol, measured by volume. There was a trail leading from where the defendant was to the place where the beer was found. It is further in evidence that on the road back to Oklahoma City the defendant told one of the officers that he was selling the beer for 50 cents per bottle.

The first assignment is directed to evidence of the officers that just a short time before this the defendant had been arrested at the same spot with 300 bottles of beer. It is contended that this is proof of a separate offense and prejudicial. Since this beer was found on a public highway, not near any house, and under the conditions stated, the finding of a large quantity of beer under the same circumstances at the same place but a few days prior to this was admissible as proving intent and scheme or plan of the defendant. Childs v. State. 4 Okla. Cr. 474. 113 P. 545, 33 L. R. A. (N. S.) 563; Bundy v. State, 16 Okla. Cr. 481, 184 P. 795.

The court in his instructions limited the consideration of the finding of beer at a different time to the proving of intent. The admission of the evidence complained of was not error.

The second assignment of error that the evidence is

insufficient is untenable. While the evidence is circumstantial, there were ample facts proven, together with the admissions of the defendant, if believed by the jury, to fully sustain the verdict. The jury must have believed from the facts proven that the defendant was making range delivery of beer to automobile parties, and the evidence amply supports such conclusion on their part.

There is no prejudicial error apparent, and the judgment is affirmed.

BESSEY, P. J., and DOYLE, J., concur.