The STATE of Oklahoma, Plaintiff in error,

v.

Claude WILLIAMS, Defendant in Error.

No. A-12373.

Criminal Court of Appeals of Oklahoma.

Feb. 6, 1957.

Granville Scanland, County Atty., Oklahoma County, Oklahoma City, for plaintiff in error.

Hubert Gibson, Oklahoma City, for defendant in error.

NIX, Judge.

The Defendant, Claude Williams, was charged in District Court of Oklahoma County with the crime of selling intoxicating liquor to a minor. It being alleged that he willfully, unlawfully and feloniously sold, transferred and delivered to Earl Mahoney, a minor of the age of 19 years,

one pint of Scotch whiskey for the consideration of $5, prosecution being brought under the provisions of Section 5, Title 37, O.S.1951.

The defendant was tried before a jury and at the conclusion of the State's case, defendant demurred. The trial judge took same under advisement and after defendant presented his case and rested and renewed his request, the Court sustained the demurrer to evidence.

The evidence reflects that two minors, Earl Mahoney, age 19, and Fred Hood, age 18, while employees of the Oklahoma Publishing Company, were instructed by their superior, Ralph Sewell, a city editor for The Oklahoma Publishing Company, to purchase whiskey at certain bootlegging establishments in Oklahoma County. Mr. Sewell testified the money used for the liquor purposes was furnished by the Company.

The evidence further reveals prior to the departure for the assigned task, one of the minors, to wit: Fred Hood, was equipped with a concealed recorder as part of his apparel. The two minors, after having been given an address by one Deacon New, also an employee of the Oklahoma Publishing Company, proceeded to a place referred to as the Offbeat Club or Bar and located in Oklahoma County where Earl Mahoney accompanied by Fred Hood purchased one pint of Scotch whiskey from a man who they identified as Claude Williams.

Defense witnesses denied that Claude Williams was present at time of sale, but involved another person whose identity was never established. Claude Williams did not testify.

There was direct conflict between witnesses for the State and Defense as to whether or not the minor stated he was making the purchase for someone else. The minors, Earl Mahoney and Fred Hood denied they made the statement that they were buying it for their boss.

Defense witnesses contend they made such statement.

The whiskey purchased by said minors was immediately taken to Deacon New, who was waiting in a car some few blocks away, delivered by him to Ralph Sewell, City Editor, marked for identification and, a short time thereafter, turned over to the Sheriff and County Attorney of Oklahoma County.

Thereafter, on the 14th day of February, 1956, an information was filed in the Common Pleas Court in and for Oklahoma County, charging the Defendant with sale of intoxicating liquor to a minor.

Upon motion of the County Attorney, this cause was dismissed on the 14th of March, 1956. The case-made reflects that a preliminary information was filed in Justice Court on the same offense two days previous to the dismissal in Common Pleas Court. The defendant was bound over to await an action in District Court, said cause came on for trial on the 11th day of June, 1956.

The State presented its case, the defendant then demurred to the evidence and by agreement with the defendant the Court took the demurrer to the evidence offered on behalf of the State under advisement, and reserved ruling thereon until defendant's case had been presented and had rested, at which time trial court ruled, as follows:

"At this time, the court finds from the evidence in this case that the liquor purchased by the minors, by their own testimony and by the testimony of all of the State's witnesses, and without contradiction, was purchased by the minors for and on behalf of the Oklahoma Publishing Company, or its agents, servants and employees, for the purpose of news and news stories, and that said liquor was not purchased by the minors for their own use and consumption.

"The Court therefore sustains the demurrer to the evidence and orders the defendant released and his bond exonerated."

After the above ruling of the court, the County Attorney gave notice in open court, of intention to appeal to the Criminal Court of Appeals on the reserved question of law, as follows:

"Wherein, under the undisputed evidence in the case, the sale of liquor in question to a minor for an adult or for a corporation is a violation within the meaning of the Statute involved."

That the State may invoke such procedure is now well established.

This Court has repeatedly held that under provisions of the Statute 22 O.S.1951 § 1053, the State may appeal on certain grounds among which is on a question reserved by the State. The case at bar is within that category and the mere fact that the defendant may have been acquitted and cannot again be tried for the same offense, will not in any way interfere with the right of the State to appeal and have the question so reserved settled.

See State v. Tyler, 82 Okl.Cr. 112, 166 P.2d 1015; State v. Gray, 71 Okl.Cr. 309, 111 P.2d 514; State v. Waldrep, 80 Okl.Cr. 230, 158 P.2d 368; State v. Wheatley, 20 Okl.Cr. 28, 200 P. 1004; State v. Vaughn, 15 Okl.Cr. 187, 175 P.2d 731; State v. Shafer, 15 Okl.Cr. 610, 179 P. 782; State v. Moyers, 86 Okl.Cr. 101, 189 P.2d 952; State v. Harrington, Okl.Cr., 296 P.2d 200.

The evidence of the State conclusively shows that the witness Earl Mahoney, a minor was sent by his superior, Mr. Sewell, to secure the whiskey and return the same to him and that the money used for the purchase of liquor was furnished by Mr. Sewell, his employer, and that neither minor in any way consumed any of the liquor and delivered it to their employer in the original package in which it was purchased as requested by the employer.

The question to be decided is, do these facts as above outlined constitute, under the law, a sale to Mahoney, a 19 year old minor, or to the employer, the Oklahoma Publishing Company. If to a minor, as alleged in the information in this case, then under our Statute, 37 O.S.1951 § 5, it is a felony. If the sale was to his employer, an adult, then it was a misdemeanor and therefore triable in the County Court, and District Court is without jurisdiction.

The exact question reserved, which is the only matter before us, was first presented to this Court in 1937, 63 Okl.Cr. 220, 74 P.2d 967, 114 A.L.R. 114 in the case of Leathers v. State and at that time, as well as now, deemed to be of great importance.

Though this Court should be 'most cautious and construe the law so that subterfuge could not be permitted in any manner, on the other hand we cannot extend the terms of a Criminal Statute beyond its clear, legal meaning. On the particular question in point, all authorities have adopted the general rule as laid down by Black on Intoxicating Liquors, § 420 P. 492, which is thoroughly discussed in Leathers v. State, supra, 63 Okl.Cr. 220, 74 P.2d 967, 969 and so that the matter may be currently clarified it is reiterated, as follows:

"When a minor purchases liquor, not for his own consumption, but for the use of another person, as whose agent or messenger he is acting, and to whom the sale might lawfully be made, the guilt or innocence of the seller will depend upon the disclosure to the seller of the fact of agency, because, so far as concerns the seller, that will determine the person who is to fill the character of purchaser. If the minor informs the liquor-dealer that the liquor purchased is for the use of another person, who has sent him to buy it, and with whose money he pays for it, such being in truth the case; or if the dealer knows, from other sources of information, that the real purchaser is an adult and the minor is only his messenger; then the sale takes place between the dealer and the adult, the minor is not concerned in it except as the conduit by which the money is conveyed to the one and the liquor to the other, and consequently the dealer can-

not be convicted of selling to the minor. To 'sell' liquor to a minor is what is forbidden by the statute. Merely to deliver liquor to a minor, with notice that it is to be carried to an adult, is not a sale, within the meaning of the statute. We cannot extend the terms of a criminal statute beyond its clear legal meaning. We cannot construe the word 'sell' in the statute to mean something different from its ordinary legal import. Undoubtedly, a minor may be an agent or lawfully go on errands for an adult, and a person may buy through an agent, and in such case, there being no question of the fact of agency, although the dealing is with the agent, and the delivery is to him, in legal effect, the sale is to the principal. The law is, that where a person contracts as agent, or he is known to be such, the contract is with the principal, and not with the agent; but where the agent deals in his own name, and the principal is not disclosed or known, the contract is with the agent, and he is liable. Hence, for example, the seller should be allowed to show that the liquor was drawn and delivered to the minor in pursuance of an agreement between his parent and the defendant, on the previous day, for its purchase and subsequent delivery to the minor.

"But on the other hand, as between a seller and an agent, who deals with him without disclosing the fact that he acts as agent, the latter, as well as the principal, may be regarded as the purchaser. A liquor seller who contracts with a minor may therefore be convicted of selling liquor to a minor, notwithstanding the fact may subsequently be disclosed that the minor acted as agent for an adult. In other words, if the seller has no notice or knowledge, either from the statements of the minor, from a previous course of dealing, or from other sources, that the minor is making the purchase for any one but himself, so that, for all the seller knows to the contrary, he is selling liquor to a minor for the latter's own use, he is guilty of the statutory offense, although, in point of fact, the minor was acting as agent or messenger for another.

"In some of the states, the statutes are so framed as to render unlawful the delivery of liquor to a minor, even when he acts merely in the behalf of a disclosed principal. Thus, in Massachusetts, under a law which provides that 'no sale or delivery of liquor shall be made in the premises described in the license * * * to a minor, either for his own use, the use of his parent, or of any other person,' it is held that a complaint, alleging a sale to a minor, may be sustained by evidence of a sale to a minor for the use of an adult, although the fact of its being for such adult's use was disclosed at the time of the sale, and the minor was merely a messenger sent for the liquor."

The question before the Court in this case appears to be one that is clearly settled by Black and numerous authorities relying thereon. The general rule laid down, as above related and adopted herein appears to be the general rule.

 Under the general rule, as above stated, it should be understood that where liquor is delivered to a minor, and it is not revealed to the seller that it is being bought for an adult, the seller is guilty. If the liquor is delivered to and consumed by the minor, the seller is guilty. In other words, the seller assumes the responsibility, and we hold that it is only where it is clearly shown that the minor is a messenger for the buyer, and this fact is revealed to the seller, and the liquor was in fact for the buyer, and the money was actually furnished for the payment of the same by the buyer, and there is no subterfuge, is the seller not guilty. If the facts show that the minor purchased the liquor for himself, or if he actually used the liquor himself or delivered it to someone other than the one for

**168**

whom it was purchased, the seller would be held responsible, for the reason that he assumes this responsibility in dealing with the minor. The mere fact that the minor informs the seller that he is buying it for the use of another does not relieve the seller of the responsibility, if his statements are not true.

These barriers against subterfuge were laid down by Judge Davenport in the Leathers case and followed in Woollen and Thornton on the laws of intoxicating liquors, Volume 2 § 725 P. 1227.

■ In the case under consideration, as heretofore stated, there was a direct conflict of testimony of the State and the Defense, as regards disclosure of agency being made to seller. The State specifically denied that agency was disclosed but contend the seller was dealing with the agent in his own name. The witnesses for Defense testified that one of the minors stated, "We are getting it for our boss," which statement is positively denied by Earl Mahoney and Fred Hood, the two minors who testified nothing was ever stated about the liquor being purchased for another person.

The contents of the recording machine carried by one of the minors at the time of the purchase were never revealed, and it is not for the Court to speculate upon.

■ This Court has consistently held where evidence is conflicting sufficiency thereof presents questioning for determination of jury. Dodson v. State, Okl.Cr., 284 P.2d 437, and trial court should not direct a verdict or sustain demurrer to evidence where there is proof tending reasonably to sustain the allegations of the information, Milligan v. State, 19 Okl.Cr. 304, 199 P. 1118; also State v. Duerksen, 8 Okl.Cr. 601, 129 P. 881, 52 L.R.A.,N.S., 1013.

It is the opinion of the Court that there was sufficient proof to reasonably sustain the allegation of the information, and the conflict in the testimony of State and Defense witnesses on question of disclosure of agency created a question of fact for the jury to determine, and should have been submitted to the jury with proper instruction concerning disclosure of agency.

BRETT, P. J., and POWELL, J., concur.