Claudine KENT, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12714.

Court of Criminal Appeals of Oklahoma.

April 29, 1959.

Alvin C. Bruce, Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, Claudine Kent, defendant below, was charged by information in the District Court of Carter County, Oklahoma, with the crime of assault with a deadly and dangerous weapon, 21 O.S.1951 (Supp.) § 645, said crime allegedly having been committed on January 4, 1958. She was tried to a jury, convicted, but the jury being unable to agree on the punishment left the same to the court. Punishment was fixed by the court at confinement in the state penitentiary for a period of two years, judgment and sentence were entered accordingly, from which this appeal has been perfected.

The defendant complains of the conviction in three propositions: error of the court in overruling the demurrer of the defendant and not instructing the jury to return a verdict of not guilty for insufficiency of the state's evidence; error of the court in admitting in evidence the coat worn by the prosecuting witness at the time of the alleged attack; and that the sentence was excessive.

The state's evidence, most briefly summarized, reveals that in the early morning hours of January 4, 1958, the prosecuting witness, Weldon Atwood, and a female companion were driving on the streets of Ardmore, Oklahoma, when their automobile was forced to the side of the street by an oncoming automobile. Atwood followed the automobile until it stopped at a cafe at the outskirts of Ardmore. He parked closely behind the automobile, stepped out of his automobile, and accosted the driver of the automobile which he had been following. The driver was the defendant, Claudine Kent, and a male companion was with her. Atwood demanded the defendant's reason for driving as she had and stated he was going to call the police. The defendant replied in abusive language, got out of the automobile in spite of Atwood's attempted restraint, and attacked Atwood, in which the defendant's companion joined. During the course of the altercation that followed, Atwood was stabbed six or seven times by the defendant with a pocket knife, the wounds being of such nature that Atwood remained in the hospital for approximately three weeks. Both Atwood and his com-

panion testified it was the defendant who stabbed him. To this evidence the defendant interposed a demurrer coupled with a motion for directed verdict, and she cites as error the court's overruling of that motion.

 In Milligan v. State, 19 Okl.Cr. 304, 199 P. 1118, in syllabus 1, the Court held:

"The trial court should not sustain a demurrer to the evidence, or a motion to direct a verdict, where there is proof tending reasonably to sustain the allegations of the information."

Smith v. State, 44 Okl.Cr. 254, 280 P. 317; Martin v. State, 92 Okl.Cr. 182, 222 P.2d 534; King v. State, Okl.Cr., 305 P. 2d 589. As the above summation of the evidence reveals, there was evidence upon which the jury could reasonably have based a verdict of guilty, the question presented was one for the jury, and it would have been error for the court to have sustained the defendant's motion. State v. Williams, Okl. Cr., 307 P.2d 163.

 Counsel for defendant cites no authority in support of contentions two and three. We have often held, and hold here, that counsel for defendant must not only assert error, but must support his contention with citation of authority. Where it appears the defendant was not deprived of any fundamental rights, the Court will not search for authorities to support asserted error. Lewis v. State, Okl.Cr., 322 P.2d 424; Cope v. State, 15 Okl.Cr. 437, 177 P. 920.

 Furthermore, under the facts and circumstances as presented by the entire record, we find no merit in defendant's contention that the punishment imposed is excessive.

The judgment and sentence is accordingly affirmed.

POWELL, P. J., and NIX, J., concur.