### BOB McDOWELL et al. v. STATE.

No. A-4836. Opinion Filed Feb. 21, 1925.
Rehearing Denied April 27, 1925.
(234 Pac. 1109.)

(Syllabus.)

1. **Trial—Special Prosecutor's Right to Assist at Request of County Attorney.** Without having any special employment by the injured party, a special prosecutor, with the consent or at the request of the county attorney, may assist in the prosecution of a criminal case, so long as the county attorney does not lose control of the case.

2.   **Appeal and Error—Error not Presumed.** Error is not presumed, but must be made to affirmatively appear.

3.   **Larceny—Evidence Sustaining Conviction of Grand Larceny.** Evidence examined, and found sufficient to sustain the verdict and judgment.

Appeal from District Court, Jefferson County; Cham Jones, Judge.

Bob McDowell and Bob Tibbs were convicted of grand larceny, and they appeal. Affirmed.

J. H. Harper, for plaintiffs in error.

EDWARDS, J. Three assignments of error are argued for the reversal of this case. First, that the court permitted Guy Green to assist in the prosecution without his having been employed either by the injured party or by the county attorney; second, misconduct of the jury and special prosecutor, in that while the jury were viewing a truck, described in the evidence, and out of the presence of the plaintiffs in error, that the special prosecutor pointed out to them certain marks on the truck; third, that the evidence is insufficient to sustain the verdict and judgment.

The record discloses that Guy Green, a member of the Bar of Jefferson county, assisted the county attorney in the prosecution of this case, examined some of the witnesses, and was himself a witness as to certain facts within his knowledge. The county attorney was present at all times during the examination and examined some of the witnesses. It does not appear that the county attorney at any time lost control of the case, nor is that contention made. It is also assigned as error that the prosecuting witness, or the injured party, had not employed the special prosecutor, and that he was not employed by the county attorney. This court has frequently held that attorneys may be employed to assist in a prosecution. Reed v. State, 2 Okla. Cr. 590, 103 P. 1042; Hartgraves v. State, 5 Okla.

Cr. 266, 114 P. 343, 33 L. R. A. (N. S.) 568, Ann. Cas. 1912D, 180.

There is no legal objection to such being done so long as the county attorney retains control of the case, and the assistant or special prosecutor performs the functions assigned him by the county attorney. Nor do we perceive any reason why an attorney might not volunteer his services to assist the county attorney, with the consent of the county attorney, or, without compensation, assist the county attorney at his request. That appears to be what was done in this case. There is no error in permitting an attorney to assist the county attorney under such circumstances.

When, in the course of a trial, the court deems it proper for the jury to view premises or other material facts connected with the case on trial, the court may order the jury to view the same, and thereupon they may go in charge of a sworn officer, under special form of oath, to point out the object or place to be viewed, and beyond that no communication to the jury is permitted. Section 2714, Compiled St. 1921.

The plaintiffs in error in this case requested that the jury view a truck in which it was the theory of the state that the property, which was the subject of the larceny, had been transported. This the jury did. It is claimed as error that during such view the special prosecutor, Guy Green, pointed out to the jury certain marks on the truck in question, and two affidavits are attached to the motion for a new trial in support of this assignment. The state, in rebuttal, introduced the bailiff who had charge of the jury, four members of the panel who tried the cause, and Guy Green, the special prosecutor, who all swore positively that nothing of the kind took place, and that Green was not at the truck at the time the jury viewed it. His evidence was that he was not there and went there only

after the jury had left. The absence of the other eight members of the panel was not explained.

We gather that what really occurred was that after the jury trying the case had left, pursuant to the directions of the county attorney, Green went to the truck, and in the presence of some members of the jury panel, not in the trial of this case, and bystanders, examined the truck to ascertain if it was in the same condition as it was at the time of the larceny, and in making such examination pointed out to the bystanders the condition of the casings. The trial judge evidently must have taken this view in overruling the motion for a new trial.

If this court believed that any communication was made to the jury as claimed, or that any pointing out of the condition of the casings and truck was made to the jury as contended by the plaintiffs in error, we would unhesitatingly reverse the case for that reason. Error is not presumed, but must be made to affirmatively appear by the plaintiffs in error.

It is earnestly urged that the evidence is insufficient to sustain the verdict. We have carefully examined the record. The evidence is wholly circumstantial. It appears that on a Sunday night the prosecuting witness lost from his cotton field, 4½ miles east of Waurika, between six and seven hundred pounds of seed cotton, worth about 6½ cents per pound; that the cotton was carried from the field nearly a quarter of mile to an unused section line where a truck stood, and that the truck had been driven a short distance from there, backed up and turned around, making a clear-cut track in a soft place in the road. There were tracks of two persons leading from the truck to the cotton and back to the truck. There were some peculiarities about the tracks both of the persons and of the truck. On the night in question the plaintiffs in error, without special permission, borrowed a truck of one Bowen, some miles east

of Comanche, left about dark, went to Waurika, and left Waurika about midnight and went to Burkburnett, Tex., arriving there some time in the night, and the next day returning to near Comanche, where they were arrested. There were some indications in the bed of the truck of cotton having been hauled in it. Plaintiffs in error had on their person $40 in money. The human tracks in the cotton field were carefully measured and corresponded in minute particulars with the tracks made by the shoes worn by the plaintiffs in error when arrested, and the tracks of the truck in minute particulars corresponded with the tracks made by the truck in which the cotton was apparently transported. The explanation of the plaintiffs in error was in some particulars contradictory. The evidence is not unusually strong, but we believe it was sufficient to go to the jury, and sufficient to sustain the verdict.

The judgment is affirmed.

BESSEY, P. J., and DOYLE, J., concur.