### RED NICHOLS v. STATE.

No. A-6481.   Opinion Filed May 11, 1929.
(277 Pac. 263.)

Bond & Bond, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, Red Nichols, hereinafter called defendant, was convicted in the district court of Stephens county of the crime of larceny of do-

mestic animals and sentenced to serve two years in the state penitentiary.

When the state rested, the defendant demurred to the evidence offered by the state for the reason that it was wholly insufficient to sustain a verdict of guilty, which demurrer was by the court overruled. The defendant then offered his evidence, and the jury found the defendant guilty as charged in the information.

The defendant moved for a new trial and assigned the insufficiency of the evidence together with numerous other reasons for the granting of a new trial, which motion was overruled and exceptions saved. The defendant in his brief argues that the evidence was insufficient to establish the crime of larceny for the reason that the asportation "was complete but the undisputed evidence showed that the defendant was not present when this asportation took place," arguing that whatever crime the defendant might have committed he could not be convicted of larceny under the evidence in the case at bar, for the reason that, even if the evidence showed that he sold the animal to Phillips, yet, he not being personally present when Phillips took possession of the purchased animal, he was not therefore guilty of larceny.

Section 2101, C. O. S. 1921, defines larceny as:

"The taking of personal property accomplished by fraud or stealth, and with intent to deprive another thereof."

The defendant was evidently prosecuted under section 2116, C. O. S. 1921, which provides:

"Any person in this state who shall steal any horse, shall be guilty of a felony and upon conviction shall be punished by confinement in the state penitentiary for a term of not less than five years nor more than ten

years; and any person in this state who shall steal any cow, or hog shall be guilty of a felony and upon conviction shall be punished by confinement in the state penitentiary for a term of not less than two (2) years, nor more than ten years. The word 'horse' as used in this act, shall include all animals of the equine species, and the word cow shall include all animals of bovine species."

The defendant earnestly contends in his brief that there is no evidence showing that he was ever actually in possession of the personal property because of the fact of stock running at large on the range. The defendant overlooks the testimony of Hay Bird who testified that he saw the stolen cattle up at the house of the defendant in his inclosure. Defendant also overlooked the testimony of L. C. Whitehill who testified, in substance, that he lived near the Martin pasture. That on Sunday morning, before the discovery that the animals in question had been stolen, he saw Red Nichols drive into the Martin pasture in a truck with side boards on it and come out, and that on the next morning he saw the cow in question in the pasture, and that it was the only animal in the pasture at that time.

The defendant himself testifying in the case admitted that he left his father's house at 4 a. m. on that same Sunday morning and went home in a truck, but denies that he was near this pasture, or that he took the animal in controversy. The authorities cited by the defendant would be sufficient to justify a reversal of this case, if the only evidence tending to connect the defendant with the larceny of this case was the evidence of the purchaser, Phillips. But since the undisputed evidence in the case is that the defendant was, just prior to the sale to Phillips, in actual possession of the stolen property, and there is other evidence in the record tending to show that the defendant was in possession of the animal just a few days

before his arrest and after the sale to Phillips, there was sufficient evidence before the jury to justify the verdict of guilty.

This court has heretofore invariably held that the credibility of the witnesses and the weight and value to be given their evidence is for the determination of the jury, and, where the evidence and the reasonable and logical inferences and deductions to be drawn from it are sufficient to convince the jury beyond a reasonable doubt of the guilt of the defendant, this court will not disturb the verdict for insufficiency of the evidence.

The evidence in this case being sufficient to support the verdict of the jury, and no substantial errors of law appearing upon the record, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.