## PERCY ELLIS v. STATE.

No. A-7064. Opinion Filed Feb. 28, 1930.
(287 Pac. 1067.)

John L. Ward and L. O. Todd, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county of the crime of manslaughter in the first degree, and was sentenced to serve a term of twelve years in the state penitentiary.

On the 10th day of December, 1927, the defendant was duly arraigned in the district court, waived the reading of the information, and entered his plea of not guilty. On December 12, 1927, defendant filed a demurrer to the information without having first obtained leave of court to withdraw his plea of not guilty and file the demurrer, which demurrer was by the court overruled and the defendant brought to trial on the 21st day of December, 1927.

The evidence of the state was that Robert Jackson, the deceased, was a peace officer in the city of Tulsa; that about 8 o'clock on the evening of the homicide Cora Johnson reported to him that the defendant had shot or shot at her sister, and requested the officer to investigate, which he did.  Prior to the homicide, and late in the afternoon, the defendant, together with other negroes, were in defendant's home and engaged in drinking whisky; that defendant was living with a woman named Virgie May Johnson, but was not married to her; that the Johnson woman had returned to her home about 4 o'clock in the

afternoon, at which time she and the defendant had a controversy over money she had given him to settle some debts; that the defendant drew his pistol and attempted to shoot, or did shoot at, the Johnson woman, and that she told the defendant she was going to leave him, and had gone to secure a dray to remove her property and the property of her sister, Cora Johnson, who in the meantime had found the officer, told him about defendant being drunk and shooting at her sister, and requested him to go with her to defendant's house; that the deceased left the Johnson woman at the back of the house while he went around to the front; that as soon as he got around the corner of the house the shooting began; that the deceased had a flash-light, and, about the time he flashed the light on, the shooting began; that there was one report from a small gun and five shots from a larger gun. The gun used by the defendant was a .32 caliber and that used by the deceased a .38. The deceased received one wound just over the heart and the defendant six. His right arm was broken and split; he was wounded in the chest and the left arm.

The theory of the state was that the defendant fired one shot into the body of deceased; that as deceased fell he fired the shots that wounded the defendant. This theory of the state is supported by the fact that, the defendant's right arm being broken and his left arm being wounded, he fired the shot that killed the deceased before the deceased fired at him. The evidence further discloses that the defendant had been drinking, and that he was in a drunken condition, and that just prior to the shooting he had been crying, and that one of his companions had tried to take his pistol away from him; that because the defendant had been drinking he was in a very bad mood and looking for trouble when the officer came to his home.

This evidence is sufficient to support a verdict of guilty of manslaughter in the first degree, and the judgment of twelve years' imprisonment in the penitentiary is not excessive. It has been the universal holding of this court that a conviction will not be reversed when there is evidence to support the verdict of the jury. State v. Duerksen, 8 Okla. Cr. 601, 129 Pac. 881, 52 L. R. A. (N.S.) 1013; Loudermilk v. State, 33 Okla. Cr. 146, 242 Pac. 1060; Halsey v. State, 42 Okla. Cr. 221, 275 Pac. 405; Nichols v. State, 43 Okla. Cr. 52, 277 Pac. 263.

The defendant complains that the court erred in giving the following instruction:

"You are instructed that the deceased, as a peace officer, had a right to proceed to the place where the shooting took place, for the purpose of arresting the defendant without warrant, if the deceased had reasonable cause for believing the defendant to have committed the felony."

Section 2471, C. O. S. 1921, provides:

"A peace officer may, without a warrant, arrest a person: * * * Fourth. On a charge, made upon reasonable cause, of the commission of a felony by the party arrested."

The evidence clearly discloses that the defendant had been drinking, and that he had threatened to shoot the woman with whom he was living as her husband, and that he had shot his pistol and the sister had gone to the officer, told him about the shooting, and asked him to go there and arrest the defendant. The instructions given by the court, when taken altogether, fairly state the law as applicable to the facts in the case.

The defendant next contends that he did not have the fair and impartial trial guaranteed by the Constitution, for the reason that a number of negro attorneys had

assisted in the prosecution of the case. The argument of the attorneys was not taken by the stenographer, and the court made no finding as to what was said by counsel in argument. This court has frequently held that, where remarks of counsel are not taken down, and where the court makes no finding as to what was said by counsel, the record presents no question for this court to consider. Moody v. State, 13 Okla. Cr. 327, 164 Pac. 676; Schaff v. Coyle, 121 Okla. 228, 249 Pac. 947; Whitenack v. State, 46 Okla. Cr. ......, 285 Pac. 990.

The fact that other attorneys than the county attorney were permitted to assist in the prosecution is not error. The record affirmatively shows that the assistant county attorney took the lead in all matters in this prosecution. La Coss v. State, 25 Okla. Cr. 130, 219 Pac. 416; McDowell v. State, 30 Okla. Cr. 187, 234 Pac. 1109.

The evidence being sufficient to support the verdict of the jury, and the errors of law complained of being without merit, the cause is affirmed.

DAVENPORT, J., concurs. EDWARDS, P. J., absent, not participating.