**In the Matter of the Habeas Corpus of Henry SALISBURY.**

No. A–13073.

Court of Criminal Appeals of Oklahoma.

Feb. 16, 1962.

Chester Norman, Muskogee, for petitioner.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Ass't Att'y Gen., for respondent.

BRETT, Judge.

This is an original action in habeas corpus brought by Henry Salisbury, to secure his release from confinement in the State Penitentiary at McAlester.

Petitioner alleges that he is being unlawfully restrained of his liberty by the Warden of the Oklahoma State Penitentiary under a certain judgment and sentence which the record shows was entered against him on April 9, 1942 for robbery with firearms. He appealed his conviction to this Court, the judgment and

sentence was affirmed (Salisbury v. State, 80 Okl.Cr. 13, 156 P.2d 149) and he was booked in at the Penitentiary on said sentence May 1, 1954. He served 1 year, 5 months and 10 days of his sentence, and was paroled on November 10, 1955 during good behavior.

It appears that the parole was revoked on October 16, 1959. The petitioner was not apprehended and returned to the Oklahoma State Penitentiary until July 10, 1960, at which time he was rebilled to complete the service of his sentence of ten years.

In the brief filed on behalf of petitioner by his attorney, it is alleged that under the provisions of Tit. 57 O.S.1961 §§ 350, 351 and 352, and Tit. 57 O.S.1961 § 138, petitioner was entitled to be released from the conviction prior to the revocation of his sentence.

The Attorney General has filed a response on behalf of the Warden, attaching copy of the judgment and sentence and the petitioner's prison record, denying the allegations of the petition and alleging facts showing the petitioner is not being held in violation of law, and hence that the petition should be denied.

The provisions of Tit. 57 O.S. 1961 §§ 350, 351 and 353, read:

"350. Every person (hereinafter referred to as 'convict') who has been or who in the future may be sentenced to imprisonment in any State penal institution shall, in addition to any other deductions provided for by law, be entitled to a deduction from his sentence for all time during which he has been or may be on parole; provided, however, that *this Act shall not be applicable to time on a parole which has been or shall be revoked;* and further provided, that voluntary return to confinement shall not be deemed to be a revoked parole."

"351. The provisions of this Act are hereby declared to be both retro-active and prospective, and to apply to convicts who are on parole on the effective date of this Act as well as to convicts who may be paroled hereafter."

"352. Any convict on parole on the effective date of this Act, whose sentence, when computed as provided herein, would have been completed prior to the effective date of this Act, shall be considered to have completed said sentence as of the effective date of this Act."

The pertinent provision of Tit. 57 O.S. 1961 § 138, reads:

" * * * Inmates on parole who are returned to the institution as parole violators *shall retain the credits earned up to the date of their release on parole."* (Emphasis now supplied)

It appears from the record that this petitioner has been accorded his time for good conduct which accumulated during the time petitioner was confined in the penitentiary from May 1, 1954 to October 10, 1955, as well as all other credits. Under the foregoing statutes he is not entitled to credit for good conduct during parole where such parole is revoked.

It appears from the record herein that after allowing petitioner all proper credits for work, good conduct and blood donor time to which he is lawfully entitled, the minimum date for his release is December 8, 1963 and the maximum date of release is December 30, 1968, depending upon his work record, good conduct, blood time and other lawful allowances to be earned upon which deductions of time may be computed.

It thus appearing that the petitioner is not entitled to his release at this time, the petition for writ of habeas corpus is denied.

NIX, P. J., and BUSSEY, J., concur.