Donald Richard MAGHE, O.S.P. #69750,
Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. A–14011.

Court of Criminal Appeals of Oklahoma.

June 14, 1967.

Donald Richard Maghe, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original proceeding in which petitioner, Donald Richard Maghe, is seeking a post conviction appeal, contending that certain of his constitutional rights, as well as his right to an appeal, were denied him at his trial.

Petitioner was convicted in Okmulgee County for the crime of larceny of an automobile after former convictions of felonies. He was tried in Superior Court before a jury, which found him guilty and sentenced him under the "Indeterminate Sentence Act" (57 Okl.St.Ann. § 353), to serve not less than five and not more than fifteen years in the state penitentiary. Judgment and sentence was passed January 31, 1964.

Petitioner first applied to this Court for a writ of habeas corpus, which was denied September 30, 1964, for the reason this Court possessed no authority, in a habeas corpus proceeding, to inquire beyond the jurisdiction of the trial court. At that time the statutes contained no provision for post conviction appeals. See: Maghe v. Page, Okl.Cr., 395 P.2d 655.

Thereafter petitioner filed his petition for writ of habeas corpus in the United States District Court, Eastern District of Oklahoma, which writ was denied. Petitioner then appealed to the United States Circuit Court, Tenth Circuit, 356 F.2d 644. That Court denied the writ, but remanded the matter to the District Court, for the reason petitioner had not exhausted his remedies in the State courts.

Between the time petitioner's first petition was considered by this Court, and the time his appeal reached the United States Circuit Court, the Oklahoma Legislature passed legislation providing for "Post Conviction Appeals." (Tit. 22 Okl.St.Ann. § 1073.) In accordance with the statute, such appeal is subject to sufficient showing that any constitutional right, related to the right of appeal, has been denied the petitioner. In this instance, petitioner alleges, among other things, that he was denied his constitutional right to a speedy trial, and that he was denied effective assistance of counsel, whch resulted in the denial of his appeal.

Petitioner was charged in the justice of the peace court of the Hon. C. H. Inglish, on February 25, 1963. He was provided court-appointed counsel, and was given a preliminary hearing on February 28, 1963, before the same justice of the peace, and was bound over to stand trial in the Superior Court of Okmulgee County for the offense of larceny of an automobile. His bail was set at $2500. He furnished sufficient bond and was released from jail. Mr. Richard A. Hays was appointed by the court to serve as petitioner's attorney.

On March 5, 1963 the county attorney filed a two-stage information in the Superior Court, charging petitioner with the crime of larceny of an automobile, after former convictions of felonies. The court minute shows that petitioner was arraigned in the Superior Court on March 12, 1963, with his court-appointed counsel present. Petitioner waived reading of the information, was served a copy of the same, and entered a plea of not guilty. Petitioner was released on his same bond, and his trial was set for March 19, 1963.

On the day set for trial, petitioner failed to appear. The court forfeited his bond, and issued a bench-warrant for his arrest. The following month, on April 22, 1963, petitioner voluntarily surrendered himself to the county sheriff, and was placed in the county jail.

On May 1, 1963 petitioner appeared in the Superior Court with his court-appointed counsel, and a new bail was set at $5000. At that hearing his court-appointed counsel, Richard A. Hays, requested to withdraw from petitioner's case, which request was granted by the court. Insofar as petitioner was unable to post the new bail, he was remanded to the county jail, where he remained until after his trial, when he was transported to the state penitentiary.

The record is clear from the beginning that petitioner was considered to be an indigent defendant, notwithstanding the fact that he was granted bail. The court

minute for May 1, 1963, recorded in Book 5, page 618, recites as follows:

"State of Oklahoma appeared by Assistant County Attorney W. C. Alley. Defendant appeared in person and by his court appointed attorney, Richard A. Hays. As a result of forfeiture of first Bond because of failure to appear for trial, new Bond is set in the amount of $5000.

"Attorney, Richard A. Hays, asks permission to withdraw as attorney for said defendant; whereupon Court allowed his withdrawal from the case at this time. Another attorney will be appointed at a later date in time to prepare for next term."

The record before this Court is not clear when petitioner's new attorney was appointed. However, petitioner states in his petition filed in the United States District Court, and he testified at that hearing, that Mr. Jack Scott was appointed to serve as his defense counsel in October, 1963.

On January 30, 1964 petitioner's trial was commenced before a jury, which found him guilty that same day. During the night of January 30, petitioner slashed his wrists in an effort to take his life. The following morning, January 31, 1964, petitioner was taken before the Superior Judge, who passed judgment and sentence. While passing judgment and sentence, the trial judge stated that he was doing so to assure that petitioner could be transported to the state penitentiary, "in order that he may have proper supervision and medical care."

Petitioner's first complaint is that his constitutional right to a speedy trial was denied him, insofar as he surrendered himself to the sheriff on April 22, 1963, and was not tried until the following January 30, 1964.

Under ordinary circumstances, petitioner's contention might be admitted, for Title 22 Okl.St.Ann. § 812 provides generally that a defendant must be tried during the next term of court after the information

is filed, except when the trial is postponed upon defendant's application. Ordinarily, such a postponement results from some positive action taken by the defendant, i.e., the filing of some instrument which requests delay of trial, for defendant's benefit. In the instant case, however, no such action is evident. To the contrary, petitioner was granted bail and was permitted freedom, under the terms of that bail, notwithstanding the fact that he was an indigent defendant. However, when the time came for his trial, *during the same term of court in which the information was filed,* petitioner failed to report to stand trial. Therefore, with reference to that first term of court, we can only conclude that any delay caused was the result of the defendant's (petitioner herein) actions alone. The State was ready and attempted to commence the trial, but was unable to do so because of the defendant's absence.

Considering the specific statute, Title 22 Okl.St.Ann. § 812, provides:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, *unless good cause to the contrary be shown."* (Emphasis supplied.)

Concerning the application of the above section of the statute, this Court in Pickle v. Bliss, Okl.Cr., 418 P.2d 69, 72 said:

"The burden was on the defendant, in support of his motion to dismiss, *to show that the laches was on the part of the state* through its prosecuting officers; otherwise the presumption is that the delay was caused by or with the consent of the defendant himself, and when on bail he must demand trial or resist the continuance of the case from term to term."

See also Payne v. State, Okl.Cr., 388 P.2d 331.

■ In this case, the record itself is sufficient to show *"good cause to the con-*trary."* Petitioner has not contended that he did not know of the trial date. And even if he had, the responsibility is upon the defendant, when he is free on bail, to assure that his defense counsel and his bail bondsman know of his whereabouts at all times, in order that they may inform him of the time set for trial, if he does not otherwise know.

■ We are of the opinion that under these circumstances petitioner waived his right to complain concerning the lack of trial during the term of court when the information was filed; and he placed himself in a position of being unable to contend laches on the part of the State. We are further of the opinion that as the result of petitioner's failure to report for trial on March 19, 1963 when the State attempted to give him his trial, the July term of court thereafter became the first term, when applying the provisions of Title 22 Okl.St.Ann. § 812. We conclude, therefore, that petitioner was not denied his constitutional right to a speedy trial, under the provisions of the Oklahoma Constitution and Statutes, as well as the Constitution of the United States.

Petitioner also contends that he was denied effective assistance of counsel at his trial, and was thereby denied his right to appeal. He contends further, that he was not fully informed against, in that he was granted a preliminary hearing on the first charge, but not on the charge of former convictions. He makes further reference to, and contentions that the prosecuting attorney commented on his failure to take the witness stand in his own defense, as well as referring to him as being "a habitual criminal," during the second stage of his trial, thereby prejudicing him in the eyes of the jury.

■ We have carefully examined the records before this Court, including those resulting from the federal court actions and petitioner's purported case-made. We observe also that petitioner failed to include in the record prepared by the United States District Court, pages 45 through 133,

which appears from the index to have been the proceedings before that Court. From the examination of those records, we conclude that petitioner did have effective assistance of counsel at his trial.

Insofar as this matter is now being considered on the basis of "Post Conviction Appeal," it is not necessary to discuss the aspect of counsel's advice relative to plaintiff's right to appeal, except to point out that petitioner's difficulty in this respect resulted from his own actions, and not from that of his counsel. From the moment petitioner attempted to take his own life, on January 30, 1963, the actions of the trial court, and the others connected therewith, appear to have been in petitioner's best interests. We will not now, at this late stage of the proceedings, hear his complaint that he was prematurely transported to the state penitentiary, which thereby frustrated his attempt to perfect his appeal. Also, insofar as he is now granted his right of appeal, that complaint ceases to have merit.

Concerning petitioner's contention that he was not fully informed against, the court minute of March 12, 1963 clearly shows that petitioner appeared with his court-appointed counsel, waived reading of the information, and was served with a copy of the same, and entered his plea of not guilty.

■ Any complaint petitioner wanted to make, concerning the information, should have been made at his arraignment before the Superior Court. When petitioner entered his plea, and subsequently stood trial without offering any objections to the information, he waived any defect in the proceedings prior thereto.

■ The law in that respect is well established in this State. This Court said in Ex parte Cartwright, 88 Okl.Cr. 206, 201 P.2d 935:

"Where defendant is arraigned on an information and pleads to the merits, he waives the right to a preliminary examination, or if one was held, any irregularity therein."

See, also, Rapp v. State, Okl.Cr., 413 P.2d 915; Miles v. State, Okl.Cr., 416 P.2d 964.

This Court also recited in the matter of In re Dare, Okl.Cr., 370 P.2d 846:

"A defendant in a criminal case may waive any right not inalienable, given him by the Constitution or by the statutes, either by express agreement or conduct, or by such failure to insist upon it in seasonable time as will operate as an estoppel to his afterwards setting it up against the state."

Under the circumstances of this case, petitioner clearly waived any complaint to the information, as well as the lack of a preliminary hearing on the second stage portion thereof.

■ The record before this Court does not contain the closing arguments of counsel, so we have only petitioner's statement that the prosecuting attorney commented on his failure to testify. This Court has long held that the record must contain the remarks complained of, or this Court cannot review them on appeal. See: Ellis v. State, 46 Okl.Cr. 251, 287 P. 1067, where this Court held:

"Where county attorney's argument is not in record, and trial court made no finding as to what was said, record presents no question of misconduct for review."

See also: Graham v. State, 80 Okl.Cr. 159, 157 P.2d 758.

■ We also consider the prosecuting attorney's statement to the jury not to be fatal error when he said, "I am sure this is a new procedure to you all, and it's practically new to the attorneys in the State too. It's under the recent law passed that where a man is a habitual criminal, you file your information and the jury must go out and find him either guilty or not guilty." This is especially true, insofar as petitioner stipulated all the prior convictions alleged in the information.

Petitioner complains that he was sentenced under the provisions of the Indeter-

minate Sentence Act, which was passed by the Legislature on May 21, 1963, which by the terms thereof became effective January 1, 1964; and, that insofar as the crime with which he was charged was allegedly committed February 23, 1963, that his sentence violates the provisions of the ex post facto prohibition.

Article 2, Section 15, of the Oklahoma Constitution provides, in part as follows:

"No bill of attainder, ex post facto law, nor any law impairing the obligation of contracts, shall ever be passed. * * *"

While interpreting the ex post facto provision of the United States Constitution, which is also applicable to the Oklahoma Constitution, the United States District Court for the Central Division of Utah, in Thompson v. Graham, 147 F.Supp. 150, third paragraph of the syllabus, recites:

"A law is 'ex post facto' within the meaning of the Federal Constitution, when it was passed after commission of crime and when, in relation to that offense or its consequences, it alters situation of any of the parties to his detriment."

We observe also the second paragraph of the syllabus in People v. Ward, 50 Cal.2d 702, 328 P.2d 777, 76 A.L.R.2d 911, which provides:

"Generally, any law passed after commission of offense for which party is being tried is an 'ex post facto law,' when it inflicts a greater punishment than the law annexed to the crime at time it was committed or alters situation of accused to his disadvantage."

While Title 21 Okl.St.Ann. § 1720, under which the information in this case was laid, provides punishment for such offense to be imprisonment in the penitentiary for a term of not less than three years, nor more than twenty years, there may be some speculation as to whether or not petitioner's sentence is to his disadvantage. However, recognizing the fact that the indeterminate sentence act was passed after the crime was committed, we are of the opinion that justice will be better served by modifying the sentence imposed in the instant case.

We are, therefore, of the opinion that the judgment and sentence imposed on petitioner, Donald Richard Maghe, in the Superior Court of Okmulgee County, Oklahoma, in case No. 1954, on January 31, 1964, should be, and the same is modified from five to fifteen years imprisonment to seven and one-half years imprisonment.

Judgment and sentence as modified, affirmed.

NIX, P. J., and BUSSEY, J., concur.