Henry COOPER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13567.

Court of Criminal Appeals of Oklahoma.

Oct. 11, 1967.

Dick Jones, Oklahoma City, for plaintiff in error.

George T. Blankenship, Atty. Gen., State of Oklahoma, Oklahoma City, for defendant in error.

## MEMORANDUM OPINION AND ORDER ON PETITION FOR REHEARING

BRETT, Judge.

This matter comes before the Court on petition for rehearing in the above styled matter. Plaintiff in error's appeal has heretofore been submitted by transcript, and his judgment and sentence affirmed. In that appeal, petitioner contended that the Indeterminate Sentence Act was unconstitutional. However, this Court held otherwise, and affirmed the conviction wherein petitioner was sentenced to serve not less than four, nor more than twenty years in the state penitentiary.

Petitioner submits his petition for rehearing on the basis of this Court's ruling in Maghe v. State, Okl.Cr., 429 P.2d 535. In that opinion the Court held that the Indeterminate Sentence Act, as applied in Maghe's case, was ex post facto, and thereby modified his sentence.

Petitioner brings to the Court's attention that the same situation exists in his case, in that he was tried for an act alleged to have been committed June 16, 1962, and he was sentenced under the Indeterminate Sentence Act, which became effective January 1, 1964. He points out that such affects his fundamental constitutional rights, and is therefore entitled to further consideration by the Court, and prays for modification of sentence.

We are of the opinion that petitioner's contentions are well taken, and that under the facts of the case, such may be reached by either petition for writ of habeas corpus, or as petitioner has elected to do, by petition for rehearing under the Court's rules. By petition for rehearing the Court may in its discretion either affirm, modify, or reverse petitioner's case, after further consideration.

The Court is further of the opinion, after considering all the facts involved, that justice will be better served by modifying the sentence imposed in this case.

It is therefore the order of the Court, that the sentence imposed by the district court of Okfuskee County on February 15, 1964, in case No. 2190, wherein Henry Cooper was sentenced to serve not less than four, nor more than twenty years in the state penitentiary, be modified to a sentence of four years.

It is the further order of the Court, that the Warden at the state penitentiary correct the records of Henry Cooper o. s. p. #74030, to conform to the provisions of this order.