Kenneth ROOKER, Petitioner,

v.

Ray H. PAGE, Warden, Respondent.

No. A–15683.

Court of Criminal Appeals of Oklahoma.

Nov. 19, 1969.

Kenneth Rooker, pro se.

G. T. Blankenship, Atty. Gen., for respondent.

## MEMORANDUM OPINION

BUSSEY, Judge:

This is an original proceeding in which petitioner, Kenneth Rooker, is seeking a post conviction appeal, contending that certain of his constitutional rights have been violated.

A review of the records reveals that:

(1) In Pittsburg County District Court Case No. 5900, it is disclosed that a preliminary complaint was filed on a bogus check charge. The bogus check was dated July 1, 1960 and the date of filing the complaint was September 29, 1960. Petitioner was bound over for trial on September 29, 1960, and made a bond of $1,000.00. On January 17, 1964, after full and repeated advice as to his constitutional rights, petitioner pled guilty and was sentenced to serve a term of from one to five years. No demand for trial was theretofore made.

(2) In Pittsburg County District Court Case No. 5901, a preliminary complaint was filed in the Justice Court on April 13, 1961, charging petitioner with obtaining $370.00 by false pretenses, the offense occurring on August 14, 1960. Preliminary was held on April 18, 1961, and he was bound over and made bond of $1,000.00. On January 17, 1964, he pled guilty and received an indeterminate sentence of from one to five years to run concurrent with District Court Case No. 5900. No demand for trial had theretofore been made.

(3) In Pittsburg County District Court Case No. 5902, a preliminary complaint was made on October 11, 1960, alleging that on September 27, 1960, petitioner removed mortgaged property with intent to defraud. Preliminary hearing was held on October 12, 1960, and petitioner was bound over, making bond of $1,000.00. On January 17, 1964, when the matter was called in District Court, petitioner pled guilty and was sentenced to an indeterminate sentence of from one to five years, to run concurrent with the two previous cases. No demand for earlier trial had been made.

The penalty under the offense of Bogus Check, at the date of the plea of guilty, was for a sentence of not to exceed seven years and a $500.00 fine, or both (21 O.S. § 1541), repealed in 1967. The same penalty applied under the second offense above mentioned. The penalty for offense No. 3 above described, is not to exceed three years in the penitentiary or one year in the county jail or a $500.00 fine.

Next in sequence, petitioner was paroled from the prison on April 6, 1965, but this parole was revoked, he says, because he "absconded the state." But the Federal authorities took custody of him and sentenced him to serve a term of three years under the Dyer Act. Thereafter, he was returned to the State Penitentiary at Mc-Alester, Oklahoma, on September 9, 1968. Since that time he has been held in the prison under the sentences rendered in Pittsburg County, Oklahoma.

In the case of Cooper v. State, Okl.Cr., 432 P.2d 951, this Court held, on Petition for Rehearing, that where defendant was tried for an act alleged to have been committed in 1961, and he was sentenced under the Indeterminate Sentence Act, which became effective one and one-half years later, defendant's sentence under the Indeterminate Sentence Act was ex post facto and affected his fundamental constitutional rights, so that he was entitled to modification of the sentence.

In accordance with Cooper v. State, supra, we are of the opinion, and therefore hold, that the judgments and sentences appealed from should be modified to the time served, and as so modified, the judgments and sentences are affirmed. Judgments and sentences in Pittsburg County District Court Cases No. 5900, 5901 and 5902, modified to the time served, and as so modified, affirmed, and the clerk of this court is directed to issue the mandate forthwith.

BRETT, P. J., concurs.