Gregg Alan **BECK**, Petitioner,

v.

The **STATE** of Oklahoma, Respondent.

No. A–15980.

Court of Criminal Appeals of Oklahoma.

Dec. 16, 1970.

Gregg Alan Beck, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

NIX, Judge.

This is an original proceeding in which Gregg Alan Beck has petitioned this Court to remove an Oklahoma warrant for his arrest which has been lodged as a detainer at the Federal Correctional Institution in Texarkana, Texas, where petitioner is presently imprisoned. The basis for the Oklahoma warrant is an October 3, 1968 Order Revoking Petitioner's Parole from an Oklahoma sentence. Petitioner argues that the revocation is illegal in that he received no notice or hearing and urges that the Oklahoma warrant should be withdrawn.

In Chase v. Page, Okl.Cr., 456 P.2d 590 (1969) this Court said:

"In the future, before a parolee is recommitted for the remainder of his sentence, he should be advised of the ground upon which revocation is sought and afforded a reasonable opportunity for an administrative hearing on whether the conditions of the parole were in fact violated."

*Chase*, supra, was applied prospectively and had no bearing on paroles revoked prior to June 18, 1969. Conn v. Page, Okl.Cr., 462 P.2d 346 (1969).

As a matter of federal constitutional law, although parole revocation does not require the full panoply of procedural protection in a judicial proceedings, a parolee has the right to notice and hearing. Alverez v. Turner, 422 F.2d 214 (10th Cir. 1970). And the right to appear and be represented by counsel has been extended, on grounds of equal protection, to both State and Federal parolees. Earnest v. Willingham, 406 F.2d 681 (10th Cir. 1969).

■ In Murray v. Page, 429 F.2d 1359 (10th Cir. 1970), the Tenth Circuit Court of Appeals upheld this Court's decision in *Chase*, supra, including its non-retroactive application. The only aspect of the *Chase* decision which was found to be wanting was the language:

"Nor is it mandatory that a hearing always be held before a parole is revoked, as the circumstances in certain cases may clearly indicate the breach of a parole condition without the necessity of a hearing." 456 P.2d at 595.

Although dictum, the *Chase* decision contemplated certain "clear" cases of parole violation not requiring a hearing before revocation recommitment. However, in re-affirming a parolee's right to a hearing on revocation, the Court of Appeals, in Murray v. Page, supra, held:

"Nor can such right be lost by the subjective determination of the executive that the case for revocation is 'clear'.

As we have indicated, Oklahoma now accords a hearing in parole revocation proceedings (except in 'clear' cases, a qualification which we have rejected)."

Thus, the Chase v. Page rule requiring notice and hearing is controlling in all instances of parole revocation.

■ Therefore, since in the instant case, the petitioner's parole was revoked on October 3, 1968, that order of revocation is not illegal for failure to grant notice and hearing opportunity as required by *Chase,* supra, as the petitioner had been absent from the State of Oklahoma. It remains to be seen whether or not the State will afford him a hearing prior to recommitment for the remainder of his sentence. We therefore conclude that the requested relief should be denied. Writ denied.

BRETT, P. J., and BUSSEY, J., concur.