STATE of Oklahoma, Appellant,

v.

Curtis Dale WOOD and Stanley Don
Weatherly, Appellees.

Nos. O–80–658, O–80–659.

Court of Criminal Appeals of Oklahoma.

Jan. 19, 1981.

As Corrected Jan. 23 and March 4, 1981.

Jan Eric Cartwright, Atty. Gen. of Okla-
homa, C. Elaine Alexander, Asst. Atty.
Gen., Oklahoma City, for appellant.

David L. Woodward, Appellate Public De-
fender, Charles S. Rogers, Deputy Appel-
late Public Defender, Norman, for appellee,
Weatherly.

Jimmy L. Sam, McAlester, for appellee,
Wood.

## OPINION

CORNISH, Judge:

The single issue presented is whether the
application of the 1976 amendment of 57
O.S.Supp.1980, § 138[1] dealing with compu-

---

1. The pre–1976 statute, 57 O.S.Supp.1973,
§ 138 provided:

Credits for good conduct, blood donations,
training program participation, etc.—A. Ev-
ery convict who shall have no infractions of

the rules and regulations of the prison or laws of the state recorded against him shall be allowed for his term a deduction of two (2) months in each of the first two (2) years; four (4) months in each of the next two (2) years; five (5) months in each of the remaining years of said term, and prorated for any part of the year where the sentence is for more or less than a year. The mode of reckoning credits shall be as shown in the following table:

SCHEDULE OF CREDITS

| Number of years of sentence | Good time granted | Total good time made | Time to be served if full time is made |
|---|---|---|---|
| 1st year | 2 months | 2 months | 10 months |
| 2nd year | 2 months | 4 months | 1 year, 8 months |
| 3rd year | 4 months | 8 months | 2 years, 4 months |
| 4th year | 4 months | 1 year | 3 years |
| 5th year | 5 months | 1 year, 5 months | 3 years, 7 months |

and so on, through as many years as may be the term of the sentence. Provided, however, that no convict shall be entitled to deduction for good time, as herein provided, in the event he has been guilty of misconduct or violation of the prison rules and regulations, unless relieved therefrom by the warden or superintendent, under rules and regulations established by the Board of Corrections. Provided further, when a maximum and minimum term of imprisonment is imposed, this section shall apply only to the maximum term.

B. In addition to the deduction above provided:

1. Every inmate shall be entitled to a deduction from his sentence of two (2) days for every six (6) days' work performed by him.

2. Every inmate involved in a work program, the Prison Industry Training Program, or any treatment or personal improvement program approved by the Department shall be entitled to a deduction of twenty (20) days for each pint of blood he donates to the American Red Cross or to any agency or hospital approved for such purpose by the Department of Corrections. Provided, however, no inmate may receive such blood time credit for more than four (4) donations in any twelve-month period. Provided further, that under no circumstances may such blood time credit be revoked by the Department of Corrections or any of its delegated authorities.

3. Every inmate who participates in the Department of Corrections' Prison Industry Training Program shall be allowed training credits according to the following schedule:

a. Inmates assigned to positions in the Prison Industry Training Program with no prior training shall be classified as apprentices. This classification shall be for a period of no less than three (3) months and inmates shall be allowed three (3) days' credit for each month served in this classification. Upon expiration of the three (3) days' credit for each month served in this classification. Upon expiration of the three-month period, an inmate may elect to be reviewed for work proficiency. Upon successful demonstration of work skill, an inmate shall be granted the classification of journeyman.

b. An inmate classified as journeyman shall serve in this capacity for no less than four (4) months and shall be granted four (4) days' work credit each month under this classification. Upon successful demonstration of skill, an inmate shall be granted the classification of craftsman.

c. An inmate classified as a craftsman shall be granted work credit of five (5) days for each month served in this capacity. An inmate must be able to teach the craft and supervise the work of other inmates in order to obtain this classification.

d. In the event an inmate has had prior training or experience, the Department of Corrections may exempt said inmate from any initial phases of the training. Such inmate shall then serve the time period and receive the credits of each phase from which he was exempted and the phase time period he has entered before achieving a higher classification.

4. Every inmate who participates in any work program other than that outlined in Section 1, subsection B 3, or any treatment or personal improvement program approved by the Department of Corrections shall be allowed an additional two (2) days each for the first two (2) months he participates, three (3) days each for the next three (3) months and five (5) days each month thereafter, provided he is making satisfactory advancement in the program.

5. No inmate may accumulate more than five (5) days' total incentive good time per month for his participation under Section 1, subsection B 3 and Section 1, subsection B 4.

C. Inmates who are granted medical leaves for treatment which cannot be furnished at the penal institution where incarcerated shall be allowed the time spent on medical leave as time served. All inmates shall be allowed as a deduction from their term of imprisonment the jail term, if any, served prior to being transported to the penitentiary pursuant to the judgment and sentence by which the inmate is committed. Amended by Laws 1973, c. 200, § 1, emerg. eff. May 17, 1973.

The present statute, amended in 1976, now 57 O.S.Supp.1980, § 138 provides:

Credits for good conduct, blood donations, training program participation, etc.—A. Ev-

tation of time credits operates as an ex post facto law denying the appellees due process.[2] Oral argument was held in this Court on November 6, 1980, and briefs filed by all parties have been carefully considered.

Prior to 1976, § 138 provided for pre-crediting of time credits for work and good conduct as applied against the full term of a defendant's sentence by the Department of Corrections. These credits were mandatory, provided the inmate had no infractions of the rules and regulations of the prison or the laws of the State. Thus, when billed into the institution, inmates were given a minimum release date based upon these credits prior to the same being earned. The minimum release date was thus subject to being extended to a later date if the inmate failed to earn the good conduct credits and work credits upon which it was calculated.

With the advent of Laws 1976, c. 219, § 1, by House Bill No. 1918 of the Second Regular Session of the Thirty-Fifth Legislature, now 57 O.S.Supp.1980, § 138, the procedure was changed to provide for internal monthly crediting of time after it had been earned. The blood credits to be earned remained essentially the same as under the prior law. The amended statute, however, grouped together good conduct credits and work credits. Good conduct credits were, in fact, merged into credits the inmate might earn through work, school attendance or participation in a vocational training program. This policy eliminated the necessity of giving an inmate a minimum release date when he was billed into a penal institution.

Appellee Curtis Dale Wood (Wood) was convicted of Manslaughter, First Degree, in

---

ery inmate of a state correctional institution who engages in work, attends school or participates in a vocational training program, approved or provided by the Department, shall have one (1) day deducted from his sentence for each day that he engages in any such activity. Earned credits may be subtracted from the total accumulated by an inmate, upon recommendation of the institution disciplinary committee, following due process, and approved by the warden or superintendent. Provided that lost credits may be restored by the warden or superintendent upon approval by the classification committee. Provided further, when a maximum and minimum term of imprisonment is imposed, this section shall apply only to the maximum term. No deductions shall be credited to any inmate serving a sentence of life imprisonment, however, a complete record of said inmates' participation in work, school, vocational training or other approved program shall be maintained by the Department for consideration by the paroling authority.

B. In addition to the deduction above provided, every inmate involved in any such activities or any treatment or personal improvement program approved by the Department shall be entitled to a deduction of twenty (20) days for each pint of blood he donates to the American Red Cross or to any agency or hospital approved for such purpose by the Department of Corrections. Provided, however, no inmate may receive such blood time credit for more than four (4) donations in any twelve-month period. Provided further, that under no circumstances may such blood time credit be revoked by the Department of Corrections or any of its delegated authorities.

C. Inmates who are granted medical leaves for treatment which cannot be furnished at the penal institution where incarcerated shall be allowed the time spent on medical leave as time served. Any inmate classified by the Department of Corrections as physically or mentally disabled for work or placed into administrative segregation, by the institutional administration, may be allowed up to one (1) day credit off his sentence for good behavior for each day served with a maximum credit of two hundred sixty (260) days per year. All inmates shall be allowed as a deduction from their term of imprisonment the jail term, if any, served prior to being transported to the penitentiary pursuant to the judgment and sentence by which the inmate is committed.

D. The accumulated time of every inmate shall be tallied each month and filed by the institution where the sentence is being served. A copy of the record shall be sent to the Department on a quarterly basis and a copy shall be provided the inmate.

Amended by Laws 1973, c. 200, § 1, emerg. eff. May 17, 1973; Laws 1976, c. 219, § 1.

2. An ex post facto law was defined by this Court in *Maghe v. State*, Okl.Cr., 429 P.2d 535 (1967) in the fourth paragraph of its syllabus:

Generally, any law passed after commission of an offense for which party is being tried is an "ex post facto law," when it inflicts a greater punishment than the law annexed to the crime at time it was committed, or alters situation of accused to his disadvantage. 429 P.2d at 536.

the District Court of Pittsburg County, Oklahoma, Case No. F–77–19 and was sentenced to five (5) years' imprisonment upon a plea of guilty on May 27, 1977, for a crime committed September 5, 1975. Thus, § 138 was amended subsequent to the crime but was in force prior to entry of the judgment and sentence. Wood filed a petition for post-conviction relief, contending that 57 O.S.Supp.1980, § 138 was an ex post facto law, inflicting greater punishment upon him than the law in effect at the time of the commission of the crime.

The same argument was made by appellee Stanley Don Weatherly (Weatherly) in a petition for a writ of habeas corpus, also filed in the District Court of Pittsburg County. Weatherly is serving a ten (10) year sentence dated February 26, 1978, for a conviction in Canadian County, Case No. CRF–76–115, for the crime of Possession of Marijuana with Intent to Distribute. That offense was committed prior to the 1976 amendment of § 138.

Appellee Wood asserts that the Department of Corrections' refusal to compute his sentence under the pre-1976 statutory provisions affects a substantial right which was vested and could not be removed without violating the ex post facto prohibitions of U.S.Const. art. I, § 9, and Okl.Const. art. II, § 15. Relying on *State ex rel. Bickman v. Dees*, 367 So.2d 283 (La.1978), Wood argues that the statute in effect at the time the offense was committed should be applied, thereby giving him seventeen (17) months additional good time credits.

Conversely, the State contends the amendment of the statute was not substantive, but merely changed the bookkeeping procedure employed in tallying accumulated time. It is the State's position that no inmate serves a greater sentence by the imposition of the amendment. The State argues that the appellees have only shown that the minimum release date is now later than it would have been under § 138 prior to the amendment; the appellees have failed to affirmatively show that the maximum release date is later under the amended statute or that they will serve longer sentences under the 1976 amendment.

The question facing this Court was considered by the Hon. Robert Layden, District Judge, Pittsburg County, Oklahoma. He entered an order on November 2, 1979, granting relief to Weatherly. An almost identical memorandum decision dated December 17, 1979, granted relief in the nature of mandamus to appellee Wood. The learned trial judge found in both cases that § 138 as applied to the appellees was an ex post facto law and that the appellees were entitled to have credits against their sentences computed under the pre-1976 statute. The testimony of the penitentiary records clerk at the hearing in the district court is confusing and unclear, which made it difficult for the trial court to support its decision to grant the appellees relief. The State then brought the present appeal, and the two cases were consolidated for review.

In its memorandum decision the trial court considered prior Oklahoma decisions, including *Ex parte Ridley*, 3 Okl.Cr. 350, 106 P. 549 (1910). We there held that "an act of the Legislature specifically defining credits for good behavior, in existence at the date of the judgment against the prisoner, becomes a part of the sentence and inheres into the punishment assessed." The lower court also stated it was compelled to follow the law in *Maghe v. State*, Okl.Cr., 429 P.2d 535 (1967) and *Conn v. Page*, Okl. Cr., 462 P.2d 346 (1969).

This Court held in *Conn*, supra, that the amendment to § 138 of Title 57, effective August 2, 1968, depriving penitentiary inmates who were returned as parole violators of any credits earned up to the date of their release on parole, was an ex post facto law and was applicable only to those inmates whose crime was committed after the effective date of the amendment; all parole violators whose crimes were committed prior to August 2, 1968, including defendant Conn, were to retain the credits earned up to the date of their release on parole.

In *Maghe v. State*, supra, we indicated that a law passed after the commission of an offense for which a party was tried, and in effect on the date he was convicted, was an ex post facto law if it inflicts greater punishment than the law annexed to the

crime at the time of commission, or alters the situation of the accused to his disadvantage. There the Indeterminate Sentence Act was passed after the crime was committed and was in effect when the defendant was convicted of larceny. This Court modified the sentence imposed because "there may be some speculation as to whether or not petitioner's sentence is to his disadvantage."

■ Having carefully reviewed the 1976 amendment of § 138, we fail to see how its enactment operates to the disadvantage of the appellees herein. On that basis we must distinguish the present case from *Maghe* and *Conn*, supra. Section 138, as amended, does not inflict a greater sentence to be served by an inmate than that imposed at the time of entry of the judgment and sentence. In fact, the addition of activities for which credits may be earned and the timely reporting procedures appear to be a distinct advantage of the new procedure.

■ It is the present policy of the Department of Corrections that the 1976 amendment is applicable to all judgments and sentences dated September 8, 1976, or later, irrespective of when the crime was committed. We approve the Department's policy of treating the applicable date as that which appears on the judgment and sentence. The effect is to now give inmates whose period of incarceration spans both statutory schemes the benefits of both statutes as follows: (1) Those within the penal system prior to the effective date of the amendment received good time credits, work credits, and blood credits earned under the pre-1976 statute; (2) in addition, they are entitled to earn work credits under the statute as amended. Specifically, under the new statute an inmate earns work credit at the accelerated rate of a day's credit for each day worked, instead of the rate of two (2) days' credit for each six (6) days worked.

During oral argument the State conceded that both appellees are presently being given credits under the pre-1976 and the 1976 amended statute. This fact was unrefuted by the appellees. We find that while the result of the procedural change has given the appearance of postponing an inmate's minimum release date, the ultimate date of release may, in fact, occur sooner. The only difference is that under the amended statute the work credits are calculated monthly and then only after they have been earned. *Viewed in this context, we are unable to conclude that the appellees' rights have been violated.*

■ Finally, we should point out that where an inmate files a petition for a writ of habeas corpus, both this Court and the district court will be reluctant to assume jurisdiction in future habeas actions under § 138, unless an appellant can affirmatively demonstrate that the Department's failure to give credit entitles him to immediate release.

Today, we hold that the trial court's interpretation of 57 O.S.Supp.1980, § 138, as an ex post facto law, is contrary to the law and the evidence. It is, therefore, the order of this Court that the writ granted by the trial court be vacated and set aside.

BRETT, P. J., concurs.

BUSSEY, J., not participating.