UNITED STATES COURT OF APPEALS
**Filed 9/19/96**
TENTH CIRCUIT

FELIX SCOTT JR.,

Petitioner-Appellant,

v.

LARRY A. FIELDS; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

Respondents-Appellees.

No. 95-6270
(D.C. No. CIV-95-272-A)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Petitioner Felix Scott, appearing pro se, filed a petition for writ of habeas corpus

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

pursuant to 28 U.S.C. § 2254.  The district court dismissed the petition, but granted his application for a certificate of probable cause.  After reviewing petitioner's appellate pleadings and the record on appeal, we affirm.

Petitioner pled guilty in 1972 to robbery with firearms after former conviction of a felony and was sentenced to 20 years' imprisonment.  He did not file a direct appeal.  In 1985, he filed a petition for writ of habeas corpus in Oklahoma district court, and the petition was denied.  Applications for post-conviction relief were denied in 1985 and in 1988.  In 1989, he filed a petition for writ of habeas corpus in the Oklahoma Court of Criminal Appeals, which was denied.  Petitioner filed a third application for post-conviction relief.  The application was denied in 1989, and the court noted petitioner was procedurally barred from seeking post-conviction relief on the basis of issues that could have been raised in his original application.  Petitioner appealed to the Oklahoma Court of Criminal Appeals and the denial was affirmed.

Petitioner filed this action on February 22, 1995, alleging (1) his equal protection and due process rights were violated because the sentencing court did not adequately explain the consequences of his guilty plea; (2) his equal protection and due process rights were violated because the Oklahoma Department of Corrections (ODC) improperly aggregated his sentence with several previously-imposed sentences; (3) his constitutional rights were violated because the ODC improperly withheld gain time credits; (4) his constitutional rights were violated because the ODC improperly issued a second parole revocation warrant; and (5) he was denied effective assistance of counsel prior to his preliminary hearing.  The magistrate judge rejected petitioner's claims, concluding most, if not all, of the claims were procedurally defaulted under Oklahoma law.  The district

2

court adopted the magistrate's findings and recommendations and denied the petition for writ of habeas corpus.

On appeal, petitioner raises only two of the issues asserted in the district court.[1] Specifically, petitioner alleges the ODC improperly aggregated his sentences, thereby denying him the right to a parole hearing after completion of one-third of each separate sentence. He also complains the ODC deprived him of gain time benefits, which he alleges are authorized by Oklahoma statute. Because the record on appeal does not contain a copy of petitioner's original state application for post-conviction relief or the order denying that application, we will assume both of these issues were properly raised and are not procedurally barred.

We find no merit to petitioner's assertion that the ODC improperly aggregated his sentences for parole purposes. As we read this argument, petitioner is effectively asserting he was entitled to parole consideration in the mid- to late-1970's after he had completed one-third of each of his sentences. Assuming without deciding that Oklahoma's Forgotten Man Act, 87 O.S. § 332.7, required probation consideration at the completion of one-third of each sentence, petitioner had no constitutional entitlement to actually be paroled. Both this court and the Oklahoma Supreme Court have held the state parole provisions in effect during the time period in question did not create any constitutionally recognizable expectation of liberty. Shirley v. Chestnut, 603 F. 2d 805, 807 (10th Cir. 1979); Phillips v. Williams, 608 P.2d 1131 (Okla.), cert. denied 449 U.S. 860 (1980). Because an inmate does not have a legitimate claim to parole unless he can

---

[1] To the extent petitioner is asserting on appeal the remaining three issues raised before the district court, we affirm on the grounds set forth by the magistrate judge in his written findings and recommendation.

establish a liberty interest, Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979), petitioner has no basis for asserting he was or is constitutionally entitled to parole and, therefore, has no basis for asserting his current confinement is illegal.

We likewise reject petitioner's argument that he was improperly deprived of gain time credits. The Oklahoma statute dealing with computation of gain times credits, 57 O.S. § 138, was amended in 1976. Prior to its amendment, "§ 138 provided for pre-crediting of time credits for work and good conduct as applied against the full term of a defendant's sentence by the [ODC]." State v. Wood, 624 P.2d 555, 557 (Okla. Crim. App. 1981). Under this system, "inmates were given a minimum release date based upon these credits prior to the same being earned," and "[t]he minimum release date was thus subject to being extended to a later date if the inmate failed to earn the good conduct credits and work credits upon which it was calculated." Id. With the 1976 amendments, "the procedure was changed to provide for internal monthly crediting of time after it had been earned." Id. Although the credits to be earned remained essentially the same as under the pre-1976 procedure, the new policy "eliminated the necessity of giving an inmate a minimum release date when he was billed into a penal institution." Id.

Reviewing the record on appeal in this case, it appears petitioner's sentences were recomputed after the 1976 amendments. However, the record clearly indicates petitioner was not disadvantaged. Because he has failed to demonstrate his term of confinement was increased as a result of the amendments, we affirm the district court's denial of habeas relief on this issue. See Matter of Sanders, 635 P.2d 1023, 1024 (Okla. Crim. App. 1981) (rejecting habeas petition on grounds that petitioner failed to demonstrate

4

application of 1976 amendments increased sentence), <u>cert. denied</u> 455 U.S. 1022 (1982).

We note that on April 24, 1996, while this case was pending on appeal, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. "We need not determine to what extent the Act's amendments to federal habeas review govern cases pending when the Act became effective because we determine that even under the more expansive scope of review prior to the Act, [petitioner] was not entitled to federal habeas corpus relief." <u>Stone v. Farley</u>, 86 F. 3d 712, 716 n.3 (7th Cir. 1996).

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge
