**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 3 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HAROLD DEAN CLIFTON,

    Petitioner-Appellant,

v.

STATE OF OKLAHOMA,

    Respondent-Appellee.

No. 04-6214

(D.C. No. 02-CV-00897-L)
(W.D. Oklahoma)

**ORDER**[*]

Before **TACHA**, Chief Judge, **BRISCOE**, and **HARTZ,** Circuit Judges.

Harold Dean Clifton, a state prisoner appearing pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2241 habeas petition. We deny the request for a COA and dismiss the appeal.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. After careful review of all of the filings and the record on appeal, we conclude the requirements for issuance of a COA have not been met.

Clifton is serving a 99-year sentence after conviction in 1981 of first degree manslaughter. In 1984, he was convicted of escape from a penal institution and was sentenced to a consecutive term of 26 months. Clifton filed his § 2241 petition on June 27, 2002, challenging the execution of his sentence. Specifically, he alleged "that in November of 2001 he received a 'special classification' and was notified that based on his 1984 escape conviction he would 'no longer be eligible for any Level 3 or 4 advancement' and that he is 'no longer eligible for any privileges.'" ROA, Doc. 22 at 2. Clifton asserted that retroactive application of a 1997 Oklahoma Department of Corrections (DOC) policy reduced the good time credits he could earn and effectively lengthened the period of his incarceration. The district court adopted the magistrate judge's report and recommendation and denied the petition.

The magistrate judge found that, at the time Clifton was incarcerated, the good time policy in effect allowed "one-day credit for each day that an inmate worked or attended school" and "three days of credit for each day" an inmate was assigned to work for a state, county, or municipality. Id. at 7. In 1988, the DOC amended the earned credit statutes to "[provide] for credits . . . according to the time an inmate spent in one of four classification levels." Id. (citing Okla. Stat. tit. 57, §§ 138, 224). In 1990, the DOC

altered the policy to allow tabulation of credits according to both the old and new systems and to credit the inmate with the greater number. This policy was applied to Clifton. The magistrate judge found that Clifton had been allotted points under the old system when that system resulted in more points and, therefore, he continued to benefit from the old system. Although the 1988 amendment stated that inmates like Clifton who had active escape points could not be promoted to the two highest levels of the new system (Level III or IV where inmates can earn up to 33 or 44 earned credits per month, respectively), the magistrate judge found that Clifton had, "at various times, been placed on each of the four class levels, earning up to 44 credits per month." Id. at 8. The magistrate judge found there was no ex post facto violation because Clifton's sentence had not been effectively lengthened due to application of the amended policy.

The ex post facto test has two parts: (1) the law must be retrospective in that it applies to events occurring before its enactment, and (2) it must disadvantage petitioner by lengthening the period of incarceration or changing the definition of criminal conduct. See Smith v. Scott, 223 F.3d 1191, 1194 (10th Cir. 2000). The district court found that Clifton failed to satisfy the second prong of the test. Reasonable jurists would not find that conclusion debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

We DENY the request for a COA for substantially the same reasons as stated in the report and recommendation filed May 28, 2004, and the district court's order filed

3

June 29, 2004, and DISMISS the appeal.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4